[Civ. No. 36901. First Dist., Div. Four. Feb. 24, 1976.]

HERMAN J. TIJSSELING et al., Plaintiffs and Appellants, v. GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Defendant and Respondent.

624

## Counsel

Merrill, Thiessen & Gagen and Gregory L. McCoy for Plaintiffs and Appellants.

Bronson, Bronson & McKinnon and Paul H. Cyril for Defendant and Respondent.

## OPINION

**EMERSON, J.**\*—In this action for declaratory relief and breach of contract brought against several insurance companies and brokers, plaintiffs Herman J. Tijsseling and others (hereafter collectively referred to as Tijsseling), appeal from a summary judgment granted in favor of defendant General Accident Fire & Life Assurance Corporation, Ltd. (hereafter General). The dispute concerns coverage under a policy of insurance.

Underlying the instant suit were two actions (including a cross-action), brought against Tijsseling by certain persons (hereafter buyers) who (or whose predecessors in interest) had bought real property from Tijsseling. As a result of these actions, judgments were entered against Tijsseling based on the ground of negligent misrepresentation. Claiming that his liability arising from the actions was covered by one or more of various insurance policies, Tijsseling brought this action for declaratory relief and breach of contract against several insurance companies and brokers, including General. Summary judgment was granted to General on the ground that the events which gave rise to Tijsseling's liability occurred prior to the coverage period of General's policy.

The policy issued by General provided to Tijsseling comprehensive general liability and other coverage for the period from November 1, 1967, to November 1, 1970. Some years before 1967, Tijsseling sold to separate buyers two parcels referred to as Lot 25 and Lot 26. It was later discovered that a house built by Tijsseling on Lot 25 encroached upon Lot 26. This fact was learned by the respective buyers in 1967 and 1968. It is thus seen that the encroachment occurred before the issuance of the General policy and that its discovery by the relevant parties was made while the policy was in force. These facts form the crux of this appeal.

Under the comprehensive general liability part of its policy, General agreed to pay all sums which Tijsseling should become ". . . legally obligated to pay as damages because of . . . property damage to which this insurance applies, caused by an occurrence, . . ." The policy defined an "occurrence" as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured; . . ." The policy limited the scope of its coverage in the

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

following terms: "This insurance applies only to bodily injury or property damage which occurs during the policy period. . . ." In requesting summary judgment, General did not argue that Tijsseling's liability in the earlier actions was not based on property damage within the meaning of its policy. It contended, as it does on appeal, that since the encroaching dwelling was constructed and the misrepresentations were made prior to the period of its policy, no coverage existed.

The general rule, well established, is "that the time of the occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed, but the time when the complaining party was actually damaged." (*Remmer* v. *Glens Falls Indem. Co.* (1956) 140 Cal.App.2d 84, 88 [295 P.2d 19, 57 A.L.R.2d 1379].) The controlling question therefore is: When were the buyers of the subject properties damaged?

As has been pointed out, the claims of the buyers against Tijsseling were based on negligent misrepresentation. The implicit misrepresentation, necessarily, must have been that the house on Lot 25 did not encroach upon Lot 26. This misrepresentation was made first by Tijsseling, when he sold Lot 25, and last by the owners of Lot 25 when they sold it to one of the plaintiff buyers. Neither of these events occurred during the period covered by the General policy. It is this chain of events which requires that the holding of *Remmer* v. *Glens Falls Indem. Co., supra,* be interpreted against Tijsseling.

In *Remmer* a controversy arose over whether a comprehensive personal liability policy covered liability arising from damage caused by the insured's grading and filling of his lot. The policy there involved was in effect when the work was done, but had been cancelled before there occurred a landslide which resulted in the insured's being held liable to an adjoining landowner on the ground of *nuisance.* The policy contained a provision stating that the policy applied ". . .'only to occurrences during the policy period.' " (*Id.,* at p. 85.) An occurrence was defined as ". . .'an accident, or a continuous or repeated exposure to conditions, which results in injury during the policy period'. . . ." (*Id.,* at p. 86.) The court held that since the property damage did not occur until after the policy period, the resulting liability was not covered by the policy, even though the activity which caused the damage took place during the policy period. In reaching this conclusion, the court relied on the language of the policy and upon the principle of law quoted above. (*Id.,* at pp. 88-90.)

The *Remmer* court, however, pointed out that the plaintiffs (Morrises) based their suit against Remmer on the existence of a *present nuisance,* namely: the portion of the fill which still remained upon the Morris property. The court went on to say: "We are not interested in ascertaining what theory the Morrises could have sued upon, but on what theory they did sue upon. . . . The cause of action pleaded was necessarily, therefore, not for an 'occurrence' happening within the time limits of the policy." (*Id.,* at p. 89.) Application of the *Remmer* principle to the instant facts defeats the claim of coverage.

Seeking to avoid this conclusion, Tijsseling advances the argument that the damage which resulted in his liability occurred when the misrepresentations were discovered. ▇▇ ▇▇▇▇ He relies on the rule that the statute of limitations for an action based on fraud[1] does not begin to run until the fraud is discovered. (Code Civ. Proc., § 338, subd. 4; *Berkey* v. *Halm* (1950) 101 Cal.App.2d 62, 69 [224 P.2d 885].) The cited statute provides that a cause of action based on fraud or mistake is *"not to be deemed to have accrued* until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake" (italics added). Moreover, Tijsseling points by way of analogy to the fact that in some other tort contexts, such as professional malpractice, the accrual of the plaintiffs' cause of action may be postponed until noticeable damage occurs. (See Code Civ. Proc., § 340.5; *Davies* v. *Krasna* (1975) 14 Cal.3d 502, 512-513 [121 Cal.Rptr. 705, 535 P.2d 1161]; *Budd* v. *Nixen* (1971) 6 Cal.3d 195, 200 [98 Cal.Rptr. 849, 491 P.2d 433]; *Oakes* v. *McCarthy Co.* (1968) 267 Cal.App.2d 231, 254-255 [73 Cal.Rptr. 127].)

Some of the cases relied on by Tijsseling contain language indicating that the liability of an insurer on its policy depends on when the injured party's cause of action against the insured accrues. Indeed, language to that effect appears in *Remmer* v. *Glens Falls Indem. Co., supra,* 140 Cal.App.2d 84, 89. But, in stating that the insurance company's liability on the policy there at issue depended on when the injured party's cause of action accrued, the *Remmer* court merely sought to demonstrate that since the cause of action was for damages arising from a present nuisance rather than for damage caused during the term of the cancelled policy, no insured event occurred during the policy period. (*Id.,* at p. 89.) It was not stated that damage, for the purposes of determining coverage,

---

[1]Negligent misrepresentation is a form of fraud under California statutes. (Civ. Code, §§ 1572, subd. 2, 1710, subd. 2; *Gold* v. *Los Angeles Democratic League* (1975) 49 Cal.App.3d 365, 373 [122 Cal.Rptr. 732]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 481, pp. 2740-2741.)

necessarily occurs when a cause of action accrues. Moreover, though the *Remmer* court referred to the statute of limitations applicable to the cause of action against the insured, it did so only to demonstrate that any cause of action arising during the policy period would have been time-barred and not to show that damage occurred when the statute began to run. (*Id.,* at p. 89.)

The statute of limitations, as it applies to actions for fraud and misrepresentation, establishes the time at which a cause of action accrues. It does not fix the time at which the injury giving rise to the cause of action occurred.

■ The principal purpose of the rule permitting postponed accrual of certain causes of action is to protect aggrieved parties who, with justification, are ignorant of their right to sue. (See *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 188-189 [98 Cal.Rptr. 837, 491 P.2d 421]; *Pashley* v. *Pacific Elec. Ry. Co.* (1944) 25 Cal.2d 226, 232 [153 P.2d 325]; *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 312 [57 P.2d 908].) The rule would no doubt be apropos the actions brought by the buyers herein against Tijsseling. But we find no authority, and none has been offered, which indicates that the rule has any application to the interpretation of insurance contracts. This conclusion is supported by the express language of the insurance policy here under review. (See *Protex-A-Kar Co.* v. *Hartford Acc. etc. Co.* (1951) 102 Cal.App.2d 408, 415-416 [227 P.2d 509].) ■ The policy unambiguously limited the scope of its coverage to liability arising from property damage which occurred during the policy period. The events constituting damage in the instant case occurred either when the encroaching dwelling was constructed or when negligent representations were made by Tijsseling or by subsequent sellers of the property. None of these events occurred during the period covered by the General policy.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.