[Civ. No. 30296. Fourth Dist., Div. Three. Oct. 12, 1983.]

ATLANTIC MUTUAL INSURANCE COMPANY et al.,
Plaintiffs and Respondents, v.
TRAVELERS INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

John E. Ford for Defendant and Appellant.

Callahan, McCune & Willis and Douglas C. Sohn for Plaintiffs and Respondents.

OPINION

**TROTTER, P. J.**—Atlantic Mutual Insurance Company and Centennial Insurance Company (Atlantic Companies) defended their insureds, Roger Miller Chevrolet (Miller) and Tommy Ayres Chevrolet (Ayres), in two wrongful death actions arising out of an automobile accident. Atlantic Companies filed an action for declaratory relief against the Travelers Insurance Company (Travelers), Ayres' insurer at the time the allegedly defective vehicle involved in the accident was sold and repaired. The court ordered Travelers to pay Atlantic Companies half of the settlement reached in the wrongful death actions, plus half of the attorney's fees incurred by Atlantic Companies in defending Miller and Ayres.

Travelers insured Ayres ag.inst bodily injury liability in the form of a garagekeeper's policy from December 1, 1971, to December 1, 1974. This policy covered "bodily injury . . . caused by an occurrence and arising out of the business operations hazard."[1] "Occurrence" is defined as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the Insured."

On December 1, 1974, Atlantic Companies issued a garagekeeper's policy to Ayres which specifically excluded coverage for "[f]aulty workmanship or materials in the making of repairs or adjustments." Ayres later sold its business to Miller, and Atlantic Companies transferred coverage under its policy accordingly.

During Travelers' policy period Ayres both sold and repaired the fuel system of the vehicle involved in the accident. The accident occurred during Atlantic Companies' policy period. Atlantic Companies tendered Ayres' and Miller's defense to Travelers when discovery in the ensuing wrongful death actions revealed a basis of recovery was Ayres' allegedly defective repairs to the fuel system. Travelers declined to defend its former insureds and Atlantic Companies filed this declaratory relief action.

■ The primary issue before the trial court (and on appeal) was whether Travelers' policy covered an event which occurred subsequent to its policy period but was caused by conduct during the time the policy was in effect.

The court found *Sylla* v. *United States Fid. & Guar. Co.* (1976) 54 Cal.App.3d 895[2] [127 Cal.Rptr. 38] binding. Although recognizing *Sylla* mandated that Travelers was liable for the entire bill, the court found the fairest solution was for both companies to "share the burden equally" and entered judgment accordingly. Travelers alone appeals.

### DISCUSSION

Generally, the "occurrence" of an accident is not the time when the wrongful act was committed but when the complaining party was damaged. (*Remmer* v. *Glens Falls Indem. Co.* (1956) 140 Cal.App.2d 84, 88 [295 P.2d 19, 57 A.L.R.2d 1379]; *Maples* v. *Aetna Cas. & Surety Co.*

---

[1] "Business operations hazard" means "the ownership maintenance or use of the premises for the purposes described in the declarations and all operations necessary or incidental thereto."

[2] Petition for rehearing denied February 19, 1976; Supreme Court denied hearing March 24, 1976.

(1978) 83 Cal.App.3d 641, 644 [148 Cal.Rptr. 80]; *Lopez* v. *Wolf Machinery Co.* (1982) 133 Cal.App.3d 324, 328 [183 Cal.Rptr. 695]; *California Union Ins. Co.* v. *Landmark Ins. Co.* (1983) 145 Cal.App.3d 462, 470 [193 Cal.Rptr. 461].) Atlantic Companies claims a garagekeeper's liability policy is an exception to this general rule, relying on *Sylla* v. *United States Fid. & Guar. Co., supra,* 54 Cal.App.3d 895.

*Sylla* construed ambiguous policy language in a garagekeeper's liability policy against an insurer. The policy language in *Sylla* is virtually identical to that in the instant case. Given the garagekeeper's reasonable expectations of coverage against future liability, *Sylla* held "accident" was ambiguous and should include "repair and/or sale." Coverage was therefore extended to an accident (as commonly defined) which occurred after the policy period expired, which resulted from either sale of a defective vehicle or negligent repairs during the policy period. *Sylla* therefore creates an exception to the general rule that an accident occurs upon actual injury and not upon commission of a prior wrongful act.

Although the instant case involves the construction of a garagekeeper's liability policy, Atlantic Companies is not an insured as was the plaintiff in *Sylla.* This distinction is crucial to our inquiry.

*Sylla* has been severely limited to those situations where "it can truly be said that a person buying insurance to cover 'accidents' occurring during the term of the policy would reasonably conclude that the policy would apply to any damage or injury occurring in the future because of a negligent act during the policy period." (*Maples* v. *Aetna Casualty & Surety Co., supra,* 83 Cal.App.3d 641, 650.) Thus, *Sylla* arguably applies only where the reasonable expectation of the insured doctrine set forth in *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168], can properly be invoked.[3]

The reasonable expectation of insurance coverage doctrine was designed to remedy situations where the parties to adhesion contracts have disparate bargaining power. (*Id.,* at pp. 269-270.) It has not yet been expanded to afford protection to parties of equal bargaining strength, such as Atlantic Companies and Travelers, and we decline to be the first to do so.

---

[3]Indeed, *Sylla* has been criticized in its entirety most recently in *Foremost Insurance Co.* v. *Eanes* (1982) 134 Cal.App.3d 566 [184 Cal.Rptr. 635], where the court suggested incomplete briefing led to *Sylla*'s definition of "accident."

The trial court therefore erred in applying *Sylla*'s holding to the facts at bar, and the judgment as to Travelers is reversed.

Crosby, J., and Sonenshine, J., concurred.