**EVANSTON INSURANCE COMPANY, an Illinois corporation, Plaintiff,**

**v.**

**INTERNATIONAL MANUFACTURING COMPANY, a California corporation, Subaru of America, Inc., a New Jersey corporation, Mark Miller Pontiac and Subaru, fdb as Laury Miller Pontiac and Subaru; Atlas Supply Company, a New Jersey corporation, FMC Corporation, a New Jersey corporation, Chad Anderson, Defendants.**

**No. C86–0103–B.**

United States District Court, D. Wyoming.

Aug. 20, 1986.

James L. Applegate, Cheyenne, Wyo., B. Gerard Cordelli, Los Angeles, Cal., for plaintiff.

G.G. Greenlee, Rod K. Sutherland, Casper, Wyo., for defendants.

## ORDER DECLARING THE PARTIES' RIGHTS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BRIMMER, Chief Judge.

This matter came before the Court on the plaintiff's motion for judgment on the pleadings or for summary judgment. The Court, having reviewed the pleadings, and being fully advised in the premises, FINDS and ORDERS as follows:

The following facts are undisputed: An insurance policy for specified products and completed operations liability insurance was issued by plaintiff Evanston Insurance Company (Evanston), an Illinois corporation, to defendant International Manufacturing Company (International), a California corporation. The products and completed operations covered by the policy included automobile wheels manufactured and distributed by International. The insurance agreement provided that Evanston would pay "damages because of bodily injury ... caused by an occurrence during the policy period." Bodily injury was defined as "bodily injury ... which occurs during the policy period." An occurrence was defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury ... neither expected nor intended by the Insured." Nearly three pages of detailed exclusions are included in the policy. The policy period was from February 15, 1979 to February 15, 1980. The policy expired in February, 1980 and was not renewed by International.

On April 9, 1979, International manufactured a wheel it sold and shipped to defendant Subaru of America (Subaru). The wheel was thus manufactured and shipped to Subaru during the policy period. Subaru installed the wheel on one of its automobiles. Defendant Mark Miller Pontiac and Subaru (Mark Miller) sold the automobile in October, 1979. On November 22, 1982, defendant Chad Anderson attempted to place a new tire on the wheel. The wheel collapsed, striking Anderson in the head. Anderson filed suit against Subaru, Mark Miller, and International for injuries suffered in the accident. *See Anderson v. Subaru of America, et al.,* No. C85–0296–B1, pending in the United States District Court for the District of Wyoming.

International demanded that Evanston defend and indemnify it against Anderson's suit. Evanston then filed this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, seeking a declaration of its duties to provide coverage to International. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Evanston moved for judgment on the pleadings pursuant to Rule 12(c) or for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. Because the parties raise matters beyond the pleadings, Evanston's motion will be treated as one for summary judgment under Rule 12(b), (c), Fed.R.Civ.P.

Rule 56(a) provides that a party seeking a declaratory judgment may move for summary judgment. The judgment shall be rendered if the pleadings, depositions, an-

swers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. The briefs filed in support of their arguments and the parties' admissions in oral argument show that there are no disputed issues of material fact. In such a case, the Court may declare the parties' rights and obligations in a summary judgment proceeding. *Johnson v. Nationwide Mut. Ins. Co.*, 276 F.2d 574, 581 (4th Cir.1960). Absent issues of material fact, one party's failure to move for summary judgment does not foreclose entry of summary judgment in its favor, *United States v. Fisher-Otis Co., Inc.*, 496 F.2d 1146, 1152 (10th Cir.1974), and summary judgment may be granted in favor of a nonmoving party. *Northland Greyhound Lines v. Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees of America, Division 1150, et al.*, 66 F.Supp. 431, 433 (D.Minn.1946).

Because the parties in this case agree on all material issues of fact, the question under Rule 56(c) is whether Evanston is entitled to judgment as a matter of law. Evanston contends that the controlling rule in this case is that "the time of an occurrence of an accident ... is not the time the wrongful act was committed, but the time when the complaining party was actually damaged," citing *Remmer v. Glens Falls Indem. Co.*, 140 Cal.App.2d 84, 88, 295 P.2d 19, 21 (1956), and *Tijsseling v. General Acc. Fire & Life Assur. Corp.*, 55 Cal. App.3d 623, 626, 127 Cal.Rptr. 681 (1976). Evanston concludes that Chad Anderson's injury was not an occurrence resulting in bodily injury during the policy period. Under California law, Evanston argues, the time of the occurrence was when Chad Anderson was injured in 1982, not when the defective wheel was manufactured by International in 1979. International urges that the time of the occurrence was when the wrongful act occurred, not the time of injury. International also argues that the insurance policy is ambiguous and must therefore be construed in favor of Interna-

tional and in light of its reasonable expectation of coverage. *See Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966).

The parties also agree that California law controls the validity and effect of this contract. Thus the beginning point in this analysis must be the decisions of that state's highest court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The issue presented is whether Evanston's coverage extends to injuries suffered after the policy period, where the act causing the injuries occurred while the policy was in effect.

California's Supreme Court spoke to this issue on two occasions. In *Gyler v. Mission Ins. Co.*, 10 Cal.3d 216, 110 Cal.Rptr. 139, 140, 514 P.2d 1219, 1220 (1973), an attorney sought indemnity under an expired "claims made" insurance policy for malpractice occurring during the term of the policy. The court construed the policy to provide coverage for claims maturing during the policy period regardless of whether the claim is asserted at that time. *Id.*, 110 Cal.Rptr. at 141, 514 P.2d at 1221. The court first concluded that the language of the policy was ambiguous. In such cases, the court said, the meaning of the policy must be determined by the insured's reasonable expectation of coverage. Uncertainties and ambiguities must be resolved against the insurer. Notice of noncoverage must be conspicuous and clear. Because malpractice liability may continue long after the negligent act and injury, the court concluded that the insured would reasonably expect continuing coverage for negligent acts occurring during the policy period. *Id.* While factually distinguishable from the present case, *Gyler* demonstrates that California does not rigidly adhere to the rule that the time of the occurrence of an accident is the time the complaining party is actually injured.

In a case similar to the instant litigation, an insurer issued a liability policy protecting the insured from negligent maintenance of an aircraft and indemnifying the insured against "occurrences or accidents

which happen during the policy period." *Insurance Co. of North America v. Sam Harris Constr. Co.*, 22 Cal.3d 409, 149 Cal.Rptr. 292, 293, 583 P.2d 1335, 1336 (1978). The insured later sold the airplane, cancelled the policy and received a refund of the unearned premium. The airplane crashed, and the new owner sued the insured for negligent maintenance. *Id.* Although the craft was no longer covered by the insurer at the time of the accident, the California Supreme Court held that negligent maintenance of the airplane within the policy period was an accident or occurrence covered by the policy. *Id.*, 149 Cal.Rptr. at 293, 583 P.2d at 1337.

The court first noted the trial court's reliance on the rule that the time of the occurrence of an accident is the time the complaining party was actually damaged. The court said that "[i]n our view that rule is not applicable to this case. The issue here turns on the meaning of 'occurrences or accidents ... during the policy period.'" *Id.*, 149 Cal.Rptr. at 292, 583 P.2d at 1336. The court thus rejected *Remmer v. Glens Falls Indem. Co.*, *supra*, and *Tijsseling v. General Acc. Fire & Life Assur. Corp.*, *supra*, given the facts in *Sam Harris*.

Because "accident" and "occurrence" were undefined in the policy, the court concluded that the policy was ambiguous and that the insured could reasonably expect the insurer to provide a defense. *Id.* The court further noted that:

It is elementary in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer.... [I]f the doubt relates to extent [sic] or fact of coverage, whether as to peril insured against [citations], the amount of liability [citations], or the person or persons protected [citations], the language will be understood in its most inclusive sense, for the benefit of the insured. *Id.*, 149 Cal.Rptr. at 294, 583 P.2d at 1337 (quoting *Continental Cas. Co. v. Phoenix Constr. Co.*, 46 Cal.2d 423, 296 P.2d 801, 809–10 (Cal.1956).

The dissent argued that the majority's holding required the "insurance coverage to remain open-ended, indefinite in duration, and free." *Sam Harris, supra*, 149 Cal.Rptr. at 296, 583 P.2d at 1339 (Richardson, J., Dissenting). Nevertheless, the dissent recognized this argument would be inappropriate in a products liability case. Justice Richardson stated that:

It must be kept in mind that the insured was not in the business of selling or repairing aircraft, and accordingly that the subject policy was neither *a products liability [policy]* nor professional (errors and omissions) policy which *reasonably might have been expected to provide extended coverage for liability based upon negligent conduct occurring during the policy period.* This fact clearly serves to distinguish such cases as *Sylla v. United States Fid. & Guar. Co.* ... and *Oil Base, Inc. v. Continental Cas. Co.* .. relied on by defendants herein. *Id.* (emphasis supplied).

This shows that both the dissent and the majority would find that, in the case of products liability, mismanufacture is an occurrence during the policy period, even where injury to a consumer occurs after the policy expires.

The rule emerging from *Sam Harris* and *Gyler* is that, absent clearly expressed intent to exclude coverage, products liability coverage extends to defective products manufactured during the policy period but which cause injury after the policy terminates. If the language of the policy is obscure, the policy is interpreted based on the insured's reasonable expectations of coverage. *Insurance Co. of North America v. Sam Harris Constr. Co.*, *supra*, 149 Cal.Rptr. at 293, 583 P.2d at 1336.

In *Sylla v. United States Fidelity and Guar. Co.*, 54 Cal.App.3d 895, 897, 127 Cal.Rptr. 38 (1976), the intermediate court of appeals for the second district considered a policy defining "occurrence" as "an accident, ... which results, during the policy period, in bodily injury or property damage...." The court decided that the failure to define "accident" created an ambiguity in the insurance policy leading to a reasonable expectation of coverage on the

part of the insured. The court therefore held that the insurer was obligated to provide coverage for actions during the policy period which resulted in damage only after the policy expired. *Id.*, 54 Cal.App.3d at 902, 127 Cal.Rptr. at 41. *See also, Oil Base, Inc. v. Continental Cas. Co.*, 271 Cal.App.2d 378, 76 Cal.Rptr. 594 (1969).

Other lower courts of appeal disagree with this holding. Evanston cites *Maples v. Aetna Cas. & Surety Co.*, 83 Cal.App.3d 641, 148 Cal.Rptr. 80 (1978); *Employers Casualty Co. v. Northwestern Nat'l Ins. Group*, 109 Cal.App.3d 462, 167 Cal.Rptr. 296 (1980); *Wolf Machinery Co. v. Insurance Co. of North America*, 133 Cal. App.3d 324, 183 Cal.Rptr. 695 (1982); and *Highlands Ins. Co. v. Schrillo Co.*, 181 Cal.App.3d 766, 226 Cal.Rptr. 717 (1986). Each of these cases strongly criticize *Sylla* and *Oil Base.* The intermediate California courts of appeals are therefore split on the issue in this case.

The rule of *stare decisis* does not apply when appellate decisions conflict. *Auto Equity Sales, Inc. v. Superior Court*, 57 Cal.2d 450, 20 Cal.Rptr. 321, 324, 369 P.2d 937, 940 (1962). When more than one appellate court has decided an issue and the decisions conflict, the trial court can and must choose between the conflicting decisions. *Id.* The reasoning of *Sylla* seems in closer harmony with *Gyler* and *Sam Harris* than does that of *Maples* and the other cases cited by Evanston. Indeed, both the majority and the dissent in *Sam Harris* appear to endorse *Sylla* and *Oil Base.* The rule that the time of the occurrence of an accident *within the meaning of an indemnity policy* is the time the complaining party was actually damaged presupposes that "accident" has an agreed upon meaning within the terms of the policy. The failure to define "accident" renders the rule inapposite. Although the court in *Maples* found that the failure to define "accident" did not create an ambiguity in that case, this does not mean that no ambiguity exists in the present agreement. *Maples v. Aetna Casualty & Sur. Co., supra*, 83 Cal.App.3d at 630, 148 Cal. Rptr. 80.

Applying the rule in *Sylla* to this case, Evanston's failure to define the term "accident" in its policy creates an ambiguity requiring this Court to construe the document in light of International's reasonable expectations. This Court, however, does not rely exclusively on *Sylla.*

■ The policy at issue in this case is inherently ambiguous. First, the definition of "occurrence" in this policy is even more obscure than that in *Sylla.* The policy in *Sylla* defined occurrence" as "an accident, ... which results, during the policy period, in bodily injury or property damage...." *Sylla v. United States Fidelity and Guar. Co., supra*, 127 Cal.Rptr. at 38. The agreement between Evanston and International defines an "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury...." The definition does not say that the injury must occur during the policy period. This omission, coupled with the phrase "including continuous or repeated exposure to conditions," serves as a trap for an unwary insured. Only an extremely careful reading discloses that bodily injury must occur during the policy period.

The misleading nature of the policy is further demonstrated by Evanston's failure to exclude coverage for future injuries. The insurance policy in this case contains two pages of detailed exclusions. Nowhere does the policy reveal that injuries suffered in the future because of products manufactured during the policy period are uncovered. As the court in *Gyler* noted, "notice of noncoverage in a situation where coverage may be reasonably expected must be conspicuous, plain, and clear." *Gyler v. Mission Ins. Co., supra*, 110 Cal.Rptr. at 141, 514 P.2d at 1221. Because the policy is ambiguous, the next step is to determine whether International reasonably expected coverage.

Whether a party has a reasonable expectation of coverage is an issue of law, not of fact. *Wolf Machinery Co. v. Insurance Co. of North America, supra*, 133 Cal. App.3d at 329, 183 Cal.Rptr. at 697. A

manufacturer buys products and completed operations liability insurance only for a specified time. But because liability based on defects in those products may continue long after the negligent act, a manufacturer would seek and, in the absence of clear language to the contrary, reasonably expect coverage for mismanufacture during the policy period. *See Gyler v. Mission Ins. Co., supra,* 110 Cal.Rptr. at 141, 514 P.2d at 1221. Thus, both an ambiguity and a reasonable expectation of coverage are present in the instant case. Therefore, it is

ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, denied. It is further

ORDERED and ADJUDGED that plaintiff Evanston Insurance Company has the obligation to provide coverage to International Manufacturing Company under the policy of insurance between the parties and that defendant International Manufacturing Company has the right to expect defense and indemnity from plaintiff Evanston Insurance Company.