201 Cal.App.3d 1014 (1988)
247 Cal. Rptr. 638
HALLMARK INSURANCE COMPANY, Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DELTA WING KITES & GLIDERS, INC., et al., Real Parties in Interest.
Docket No. B033221.
Court of Appeals of California, Second District, Division Three.
June 2, 1988.
*1016 COUNSEL
Morris, Polich & Purdy, Theodore P. Polich, Jr., Robert S. Wolfe and Steven M. Crane for Petitioner.
No appearance for Respondent.
Ian Herzog, Amy Ardell and Evan Marshall for Real Parties in Interest.
OPINION
KLEIN, P.J.
Hallmark Insurance Company, is petitioning for an order reversing the denial of its motion for summary judgment in a bad faith insurance action, contending the Hallmark policy in conspicuous and clear language unambiguously limits coverage to injuries occurring within the policy period. We agree and grant the writ.

Discussion
Hallmark issued a general liability policy to Delta Wing Kites and Gliders, Inc. (hereafter Delta), which corporation manufactured hang gliders. On June 18, 1978, Richard Wohlgemuth was killed while using a Delta hang glider. Wohlgemuth's hang glider was manufactured in July 1974, within the time period covered by the policy. However, the policy was discontinued in March 1975, over three years before the accident which caused Wohlgemuth's death.
When Wohlgemuth's heirs filed a wrongful death action against Delta, Hallmark refused to defend or indemnify Delta. After Wohlgemuth's heirs received a $1.75 million judgment against Delta, both the heirs and Delta filed this bad faith insurance action against Hallmark.
*1017 In denying the motion for summary judgment, the respondent court found "The Hallmark policy is ambiguous and does not present non-coverage in clear, conspicuous language and fact questions remain as to construction of the policy in relation to the declaration of William Bennett [the president of Delta]." In the declaration, Bennett states, "No one from the insurance company ever made any issue of dates or policy periods to me. As far as I am concerned, I paid premiums for insurance to cover me for all claims of any sort, at any time, concerning any goods I manufactured, sold, handled or distributed."

I. The "insuring provisions" of the policy are stated in conspicuous, clear and unambiguous language.

(1a) Hallmark's defense is based upon the definitions set forth in the "insuring provisions" of the policy. Delta contends the definitions are ambiguous and the "exclusion section" should have expressly limited coverage to an accident happening within the policy period. (2) However, before even considering exclusions, a court must examine the coverage provisions to determine whether a claim falls within the potential ambit of the insurance. (Giddings v. Industrial Indemnity Co. (1980) 112 Cal. App.3d 213, 218 [169 Cal. Rptr. 278]; Fresno Economy Import Used Cars, Inc. v. United States Fid. & Guar. Co. (1977) 76 Cal. App.3d 272, 280 [142 Cal. Rptr. 681].) Where the scope of the basic coverage itself clearly creates no potential liability under the policy, a court may not give it a "strained construction" to impose on an insurer a liability the insurer has not assumed. (Giddings v. Industrial Indemnity Co., supra, 112 Cal. App.3d at pp. 217-218.) The burden is on the insured to prove that an event is a claim which falls within the basic coverage of the insurance. (Royal Globe Ins. Co. v. Whitaker (1986) 181 Cal. App.3d 532, 537 [226 Cal. Rptr. 435].)
(1b) Hallmark relies on Schrillo Co. v. Hartford Accident & Indemnity Co. (1986) 181 Cal. App.3d 766 [226 Cal. Rptr. 717], in which the insurance policy issued by Hartford contained language in the "definitions" section identical to the language in the policy at issue here, i.e., "`BODILY INJURY' means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom" and "`OCCURRENCE' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Id. at pp. 771-772, original italics.) (3) The Schrillo court held that, in construing an indemnity policy, it is well settled that the time of the occurrence of an accident is the time when the complaining party was actually damaged, not the time the wrongful act was committed. (Id. at p. 773.)
*1018 In other words, the time of occurrence of an accident refers to the event causing the actual injury and not an earlier event which created the potential for future injury. (Maples v. Aetna Cas. & Surety Co. (1978) 83 Cal. App.3d 641, 647-650 [148 Cal. Rptr. 80].) In Maples, the plaintiff claimed a policy in effect when a boiler was installed provided coverage for a fire caused by the boiler, which fire occurred after expiration of the policy term. The Maples court held "Accepted popular, as well as legal definition, would call [the fire and not the installation of the boiler] the `accident.'" (Id. at p. 650; accord Preston v. Goldman (1986) 42 Cal.3d 108, 119 [227 Cal. Rptr. 817, 720 P.2d 476].)
Delta relies on Sylla v. United States Fid. & Guar. Co. (1976) 54 Cal. App.3d 895 [127 Cal. Rptr. 38], and Oil Base, Inc. v. Continental Cas. Co. (1969) 271 Cal. App.2d 378 [76 Cal. Rptr. 594], in which the respective courts described "accident" as the occurrence which is the cause of the injury.
Delta also cites Evanston Ins. Co. v. International Mfg. Co. (D.Wyo. 1986) 641 F. Supp. 733, in which the federal district court in Wyoming followed Sylla and Oil Base despite the fact that California cases decided both before Sylla and Oil Base (Tijsseling v. General Acc. etc. Assur. Corp. (1976) 55 Cal. App.3d 623, 626 [127 Cal. Rptr. 681]; Remmer v. Glens Falls Indem. Co. (1956) 140 Cal. App.2d 84, 88 [295 P.2d 19, 57 A.L.R.2d 1379]) and after Sylla and Oil Base stated the rule that the time of occurrence of an accident within the meaning of an insurance policy is the time the complaining party was damaged, not the time the wrongful act was committed. (Maples v. Aetna Cas. & Surety Co., supra, 83 Cal. App.3d at pp. 644-650; Schrillo Co. v. Hartford Accident & Indemnity Co., supra, 181 Cal. App.3d at pp. 772-775; Wolf Machinery Co. v. Insurance Co. of North America (1982) 133 Cal. App.3d 324, 328 [183 Cal. Rptr. 695]; Employers Casualty Co. v. Northwestern Nat. Ins. Group (1980) 109 Cal. App.3d 462, 468-469 [167 Cal. Rptr. 296].) The Evanston court construed California law as providing that a manufacturer's products liability policy provided coverage for an automobile wheel made during the policy period even though the injury occurred after the policy expired, describing as "obscure" the policy language defining occurrence as "an accident, ... which results, during the policy period, in bodily injury or property damage...." (id. at p. 737) and found that "Only an extremely careful reading discloses that bodily injury must occur during the policy period," and noted the policy failed to specifically exclude coverage for future injury. (Ibid.)
Relying on Evanston, Delta invites us to disagree with Schrillo and the long line of California cases which have rejected the Sylla and Oil Base reasoning. We decline the invitation based on our conclusion that (1) the *1019 time of the accident is the time when the complaining party was actually injured; and (2) the definition of the time of the occurrence of an accident in Sylla, Oil Base, and Evanston is out of line with the prevailing rule in this state.
For example, in State Farm Mutual Automobile Ins. Co. v. Longden (1987) 197 Cal. App.3d 226 [242 Cal. Rptr. 726], the Fifth District also declined to follow the "divergent path" of Sylla and Oil Base. (Id. at pp. 230-232.) The Longden court decided to "adopt the widely accepted rule for determining the time of the accident as the time when the `complaining party was actually injured.'" (Id. at p. 231.) Moreover, the conclusion that the time of the occurrence of an accident is the time the complaining party was actually damaged, not the time the wrongful act was committed, follows the majority view in other jurisdictions. (See Annot., Event as Occurring Within Period of Coverage of "Occurrence" and "Discovery" or "Claims Made" Liability Policies (1985) 37 A.L.R.4th 382, § 3 and cases cited herein.)
We therefore adopt the general rule that the occurrence of the accident is the time the complaining party suffered actual damage.

II. Absent an ambiguity in the policy language the doctrine of reasonable expectation is inapplicable.

In Insurance Co. of North America v. Sam Harris Constr. Co. (1978) 22 Cal.3d 409 [149 Cal. Rptr. 292, 583 P.2d 1335], our Supreme Court found the use of the words "occurrences or accidents" which were used in the disjunctive and were not defined in the policy created ambiguity and concluded the meaning must be determined by the insured's reasonable expectation of coverage. Because of the ambiguity, the Harris court found the insured might reasonably have expected coverage for negligent maintenance within the policy period even though the accident caused by the negligence did not happen until after the expiration of the policy period.
(4) The doctrine of reasonable expectation of coverage is applicable only where the language of the policy is ambiguous. (Producers Dairy Delivery Co. v. Sentry Ins. Co. (1986) 41 Cal.3d 903, 912 [226 Cal. Rptr. 558, 718 P.2d 920]; Schrillo Co. v. Hartford Accident & Indemnity Co., supra, 181 Cal. App.3d at p. 766.) A reasonable person will read the coverage provisions of an insurance policy to ascertain the scope of what is covered. (Fresno Economy Import Used Cars, Inc. v. United States Fid. & Guar. Co., supra, 76 Cal. App.3d at p. 280.) Whether the insured's expectation of coverage is reasonable is a question of law. (Wolf Machinery Co. v. Insurance Co. of North America, supra, 133 Cal. App.3d at pp. 328-329.)
*1020 (1c) Here, the "insuring provisions" of the policy define the terms "bodily injury" and "occurrence" in language identical to the language found not ambiguous in Schrillo. As in Schrillo, we find no ambiguity in the language of the policy. Accordingly, the reasonable expectation doctrine is inapplicable under the circumstances present here. We conclude as a matter of law that the insurance policy at issue here does not cover an accident occurring outside the policy period.

Disposition
Having notified all parties of the possibility that a peremptory writ could be issued, and having received opposition on the merits, we deem 1 this a proper case for issuance of the relief requested in the first instance. (Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171 [203 Cal. Rptr. 626, 681 P.2d 893].)
Let a peremptory writ of mandate issue directing respondent court to vacate its order denying Hallmark's motion for summary judgment, and to enter, instead, an order in conformity with the views expressed herein.
Danielson, J., and Croskey, J., concurred.
A petition for a rehearing was denied June 2, 1988, and the petition of real parties in interest for review by the Supreme Court was denied September 14, 1988. Mosk, J., was of the opinion that the petition should be granted.