**FRIENDSHIP HOMES, INC., a corporation, d/b/a Hi–Acres Memorial Home, Plaintiff and Appellant,**

v.

**AMERICAN STATES INSURANCE COMPANIES, a corporation, Defendant and Appellee.**

**Civ. No. 890282.**

Supreme Court of North Dakota.

Jan. 25, 1990.

Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for plaintiff and appellant; argued by James R. Jungroth.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellee; argued by Thomas O. Smith.

GIERKE, Justice.

Friendship Homes (Friendship) appeals from a district court order which granted summary judgment of dismissal in favor of American States Insurance Companies (American States). We affirm.

From March 18, 1983, though July 29, 1985, American States insured Michael S. and Tracy Carbone, doing business as Dakota Stone Company (Dakota Stone), from liability resulting from Dakota Stone's business of installing fireplaces and chimneys. In June of 1984, Dakota Stone negligently installed a fireplace in one of Friendship's buildings. Due to the negligent installation, a fire occurred in the Friendship building on October 10, 1987, resulting in considerable property damage. Friendship instituted legal proceedings against Dakota Stone to recover damages. Subsequently, the Carbones filed bankruptcy. After obtaining a lift of the automatic stay that was imposed as a result of the Carbone bankruptcy filing, Friendship was allowed to proceed against Dakota Stone to the extent of Dakota Stone's insurance coverage. Friendship obtained a default judgment against Dakota Stone in the amount of $65,284.15. Friendship then brought this suit against American States, as Dakota Stone's insurer, demanding payment of the judgment.

American States refused payment and moved for summary judgment arguing that the Dakota Stone insurance policy was an "occurrence" policy. American States contended that, since the insurance policy was an "occurrence" policy, the policy only covered property damage that occurred during the policy period. Therefore, since the fire occurred on October 10, 1987, and the insurance policy lapsed on July 29, 1985, American States argued that they properly denied coverage. The district court agreed

with American States, finding that the property damage upon which recovery was sought occurred after the insurance policy had lapsed. Finding that there was no ambiguity in the insurance policy and no genuine issue as to any material fact, the district court granted summary judgment of dismissal in favor of American States. This appeal followed.

On appeal, the sole issue to be decided is whether American States' policy extends coverage for liability arising out of the negligent installation of a fireplace during the policy period, when the actual fire damage did not occur until after the expiration of the policy.

Under Rule 56, N.D.R.Civ.P., a summary judgment should be granted only if it appears that there are no genuine issues of material fact or any conflicting inferences which may be drawn from those facts. *Miller Enterprises v. Dog N'Cat*, 447 N.W.2d 639, 642 (N.D.1989). The party moving for a summary judgment has the burden of demonstrating that there is no genuine issue of material fact. *Binstock v. Tschider*, 374 N.W.2d 81, 83 (N.D.1985).

Friendship argues that the district court erred in not concluding that the insurance policy was ambiguous. Consequently, Friendship contends that the ambiguity in the meaning of the policy should be strictly construed against the insurer and in favor of the insured. This Court has held that whether a contract is ambiguous is a question of law. *National Bank of Harvey v. International Harvester*, 421 N.W.2d 799, 801. On appeal, this Court will independently review the contract to determine whether it is ambiguous. *International, supra*, 421 N.W.2d at 801.

The insuring clause in the American States policy provided:

"I. The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

    Coverage A. bodily injury or

    Coverage B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."

The term "occurrence" is defined in the policy as meaning an "accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." "Property damage" is defined as meaning "(1) physical injury to or destruction of tangible property *which occurs during the policy period,* including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period." [Emphasis added.]

It is undisputed by the parties that the policy in question is an occurrence type liability policy. An occurrence policy generally provides coverage if the event insured against (the occurrence) takes place within the policy period, irrespective of when a claim therefrom may be presented. As is the case before us, when there is a lengthy interval between the negligent act which causes the accident and the sustaining of damages by the claimant, the determination of the time of the occurrence of the event insured against involves some degree of difficulty. Thus, we must decide whether the occurrence within the meaning of the policy happened when the fireplace was negligently installed, June of 1984, or when the fire occurred, October 10, 1987.

■ This Court has held that when the language of an insurance policy is clear and unequivocal, the policy must be construed according to the meaning thereof. *Stetson v. Blue Cross of North Dakota,*

261 N.W.2d 894, 897 (N.D.1978). From a literal reading of the policy, it appears that the policy only provides coverage for property damage which occurs during the policy period. However, there is no requirement in the policy that the accident which caused the property damage occur during the policy period. The "occurrence" took place on the date the insured sustained damages rather than the date of the wrongful or negligent act which caused the damages. Thus, the occurrence in this case took place on October 10, 1987, the date of the damage caused by the fire. Therefore, since the occurrence happened more than 2 years after the policy was cancelled, American States properly denied coverage. We are mindful that any ambiguity or reasonable doubt as to the meaning of this policy is to be strictly construed in favor of the insured if the ambiguity cannot be removed or explained by the rules of interpretation contained in Sections 9–07–01 through 9–07–18, N.D.C.C. *Walle Mut. Ins. Co. v. Sweeney*, 419 N.W.2d 176, 178 (N.D.1988). However, the language of the policy in question is clear and unambiguous and to construe it otherwise would be to place an unwarranted interpretation thereon.

Our interpretation of this policy is in accord with the well-settled rule that the time of the occurrence of an accident, within the meaning of a liability indemnity policy, is not the time when the wrongful act was committed, but the time when the complaining party was actually damaged. *Atlantic Mut. Ins. Co. v. Travelers Ins. Co.*, 147 Cal.App.3d 1054, 195 Cal.Rptr. 476, 478 (4 Dist.1983). *See Millers Mut. Fire Ins. v. Ed Bailey*, 647 P.2d 1249, 1251 (Idaho 1982) (it is well settled that the time of the occurrence of an accident, within the meaning of a liability indemnity policy, is the time the complaining party was damaged rather than the time the wrongful act was committed; this rule followed in every jurisdiction that has considered the issue except Louisiana); *Moss v. Shelby Mut. Ins.*

*Co.*, 105 Mich.App. 671, 308 N.W.2d 428, 431 (1981) (time when the complainant is damaged, rather than the time of the negligent act, is the point at which responsibility accrues under an indemnity policy); *Singsaas v. Diederich*, 307 Minn. 153, 238 N.W.2d 878, 880 (1976) (generally accepted rule is that the time of the occurrence is not the time the wrongful act was committed but the time the complaining party was actually damaged.)

Likewise, secondary legal authorities recognize that, "It appears to be well settled that the time of the occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed but the time when the complaining party was actually injured." 11 Couch on Insurance 2d § 44:8 (1982). *See also* Annotation, *Event as occurring within period of coverage of "occurrence" and "discovery" or "claims made" liability policies*, 37 A.L.R.4th 382, 393 (1985); 43 Am. Jur.2d Insurance § 243 (1982); Annotation, *Occurrence of accident or injury as during, or before or after, time period of coverage of liability policy*, 57 A.L.R.2d 1385, 1389 (1958).

We adopt the general rule as being correct and hold that, since the damages did not arise until after the American States policy had been cancelled, American States was correct in not providing coverage.

■ Alternatively, Friendship argues that it suffered property damage, within the meaning of the policy, when the Carbones negligently installed the fireplace. Thus, Friendship argues that since they suffered property damage during the policy period, coverage exists.[1] We do not agree.

In *Ed Bailey, supra*, the Supreme Court of Idaho interpreted an insurance policy with the identical insuring clause as the American States policy. With regard to the argument that the "occurrence" happened during the policy period while the

---

1. We find this argument interesting in light of the fact that Friendship does not seek a damage amount based on the damages caused solely by the lesser value of an ill installed fireplace. Rather, Friendship seeks a damage amount based on their October 10, 1987, fire losses while arguing that the damages occurred in June 1984 when the fireplace was installed. Such a theory is inconsistent with principles of legal remedies.

damages sought occurred after the policy had lapsed, the Idaho court cited a federal district court opinion which is consistent with our view.

"'That an accident may be definitely located as to the time when and place where, makes its use most appropriate as the single test to determine whether liability under the policy arises within its specified period. To stretch the scope of "accident" backward in time to reach the date of the earliest beginning of any prior event which might be regarded as having a causal relation to the unlooked-for mishap would introduce ambiguity where none now exists.... It might be more desirable for an insured to have protection which indemnifies him against all liability arising from causative forces which come into being while the policy is in force, regardless of when the event which initiates liability occurs, rather than insurance which protects him from liability which accrues only within the term of the policy. This purpose can easily be carried out by a proper wording of the policy; but the wording in the policy under consideration here does not permit such a construction. The injuries which give rise to a claim for damages ... were caused by an "accident" which occurred after the policy had been terminated. The policy does not apply to that claim.'" *Ed Bailey, supra,* 647 P.2d at 1252, citing *Home Mutual Fire Insurance Co. v. Hosfelt,* 233 F.Supp. 368, 370 (D.Conn.1962).

Thus, for the aforementioned reasons, we conclude that the district court properly granted summary judgment in favor of American States and accordingly, we affirm in all respects.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.