STATE FARM FIRE & CASUALTY COMPANY, an Illinois Corporation, Plaintiff,

v.

Stanley Ray THOMAS, Jane Ann Thomas, Andrew R. Chan, Carol R. Fuller, Darlene Yopp, Century 21/Great Western Real Estate, Defendants.

No. C–90–2018 SAW.

United States District Court, N.D. California.

Jan. 25, 1991.

Berta Schweinberger, Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., for plaintiff.

Robert Collins, Greve, Clifford, Diepenbrock & Paras, Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

This declaratory relief action brought by State Farm Fire & Casualty Co. ("State Farm") arises out of the sale of a single family residence, in Hayward, California. The sale was made by defendants Stanley R. and Jane A. Thomas. The Thomases, insured by State Farm under two separate homeowners policies, sold the residence to Andrew R. Chan and Carol R. Fuller Chan. The sales contract was executed on February 17, 1986; escrow closed in April; and in May the Chans moved in.

Shortly thereafter, the Chans allegedly discovered numerous defects in the property, requiring extensive repairs. On February 10, 1987, the Chans filed suit in Alameda County Superior Court against the

Thomases and their real estate broker. The gist of their complaint is that the Thomases fraudulently or negligently misrepresented and concealed the condition of the property. Their alleged misconduct caused the Chans to suffer severe economic losses and emotional distress.[1]

State Farm issued a homeowners policy to the Thomases for their Hayward residence in 1980 ("the Hayward policy"). The policy was renewed annually until its cancellation after the sale of the property, effective April 4, 1986. After the Thomases sold their Hayward home, the family moved to Freestone, California. Effective November 29, 1986, State Farm issued a new homeowners policy to the Thomases for their residence in Freestone ("the Freestone policy"). On December 4, 1987, the insureds tendered their defense in the state court action to State Farm. State Farm accepted the tender, subject to a Non–Waiver of Rights. It later issued a reservation of rights letter regarding the Thomases' defense.

On July 19, 1990, State Farm filed this action for declaratory relief, seeking a determination of its obligation to continue to defend, and ultimately indemnify, the Thomases for their conduct in connection with the sale of their home. In its motion for summary judgment, plaintiff contends that neither the Hayward nor the Freestone policy provides coverage for the claims against the insureds in the state court action. Thus plaintiff contends that it has no duty either to defend or indemnify. If the Court agrees that there is no coverage, plaintiff requests a declaration that it is entitled to recover attorney's fees expended in defending the insureds in state court. The Thomases seek a stay of this action pending the resolution of the state court suit.

## I. Defendants' Request for a Stay

■ Defendants' request for a stay is not well-taken. Relying on *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and its progeny, the Thomases assert that abstention is appropriate because the state court suit and the present action are "substantially similar." Further, defendants declare that judicial economy would be served by a stay.

The Supreme Court of the United States has made it quite clear that abstention is permissible only in "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244. In elaborating upon the factors constituting such circumstances, the Ninth Circuit has required parallelism between the state and federal court proceedings. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989). Although exact parallelism is not required, the two proceedings must at a minimum be "substantially similar." *Id.*

The instant action brought by State Farm bears only a remote resemblance to the Chans' action against the insureds in state court. In the latter action, the issues revolve around the representations made and information concealed regarding the sale of the Hayward residence. State Farm is not even a party to that suit. By contrast, the question here is whether State Farm owes a duty to defend or indemnify the Thomases. The overlap of these two actions is minimal. The state court action turns primarily upon questions of fact. The suit here turns primarily upon legal questions of contract interpretation. Finally, under California law, insurance companies have the right to determine their obligations to their insureds prior to a judgment against their insureds. *See, e.g., Allstate Ins. Co. v. Miller*, 743 F.Supp. 723, 725, 726 n. 5 (N.D.Cal.1990); *Atlas Assurance Co. v. McCombs Corp.*, 146 Cal. App.3d 135, 194 Cal.Rptr. 66, 74 (1983); Cal.Civ.Code § 1060. There is nothing "exceptional" about the present circumstances that would warrant a stay under the *Colorado River* doctrine.

---

**1.** The state court complaint alleges the following claims against the Thomases: (1) breach of contract; (2) fraud and deceit; (3) negligent misrepresentation; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.

## II. State Farm's Motion for Summary Judgment

State Farm moves for summary judgment on its claim that it has no duty either to defend or indemnify the Thomases in the state court suit. The Court tentatively ruled at the hearing held on January 17, 1991, that State Farm had a duty to defend the Thomases under the Freestone policy, but no duty under the Hayward policy. After a careful consideration of the arguments advanced by counsel at the hearing and further review of the Freestone policy, the Court concludes that there is no coverage under either policy.

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is clearly entitled to prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c). State Farm's liability under its insurance policies is a question particularly well-suited for adjudication at summary judgment. If the interpretation of a written instrument lies at the heart of a dispute, as here, the question is invariably one of law, not fact. The only question before the Court is whether coverage for the injuries suffered by the Chans is excluded by express provisions in the Hayward and Freestone policies.

### A. The Hayward Policy

State Farm contends that even if the state court complaint alleges "bodily injury" or "property damage" covered by the Hayward, it owes no duty to defend or indemnify because any such injury or damage occurred after the policy expired. The first item in the Conditions section of that policy provides: "This policy applies only to loss under Section I or **bodily injury** or **property damage** under Section II, which occurs during the period this policy is in effect." (emphasis in original). The policy does not define the term "occurs."

■ The Hayward policy expired with the Thomases' transfer of ownership to the Chans. The Chans suffered emotional distress and economic loss *after* they moved into the Hayward residence. Therefore,

State Farm argues, although the Thomases engaged in their alleged tortious conduct during the policy period, the actual injury occurred *after* the expiration of the policy. The Thomases counter that since the term "occurs" is not defined within the policy, it was reasonable for them to assume coverage for injury-causing actions taken during the policy period, even if the damage did not ensue until after the policy's lapse. State Farm has the better of the arguments.

■ It is the general rule in California that an injury is deemed to have occurred at the time the complaining party is damaged, not at the time the wrongful act is committed. *Remmer v. Glens Falls Indemnity Co.*, 140 Cal.App.2d 84, 88, 295 P.2d 19 (1956). The courts follow this rule even when the policies fail to define such terms as "accident" or "occurrence." *See, e.g., State Farm Mutual Auto Ins. Co. v. Longden*, 197 Cal.App.3d 226, 232, 242 Cal. Rptr. 726, 729–30 (1987). The cases cited by defendants in support of their position are either distinguishable or aberrational.

For example, in *Insurance Co. of North America v. Sam Harris Construction Co.*, 22 Cal.3d 409, 583 P.2d 1335, 149 Cal.Rptr. 292 (1978), the California Supreme Court construed such a provision against the insurer because the policy stated that it applied "only to *occurrences or accidents* which happened during the policy period." *Id.* at 412, 583 P.2d at 1336, 149 Cal.Rptr. at 293 (emphasis added). This disjunctive language implied a distinction between accidents and occurrences, thereby creating ambiguity. *Id.* The policy's failure to define either term militated in favor of adopting the insured's interpretation. *Id.; see also Longden*, 197 Cal.App.3d at 232, 242 Cal.Rptr. at 730 (concluding that *Harris* departed from "the general rule" because of confusing disjunctive "occurrences or accidents" provision). Even *Harris* recognized the general rule that the time of an insured injury is not when the wrongful act is committed, but when the complaining party is damaged. *Harris*, 22 Cal.3d at 411–12, 583 P.2d at 1336, 149 Cal.Rptr. at 293.

Similarly, defendants' reliance on *Sylla v. United States Fidelity & Guaranty Co.*, 54 Cal.App.3d 895, 900–02, 127 Cal.Rptr. 38, 40 (1976), is of no avail. In *Sylla* the court found coverage for an accident occurring after the policy period as a result of negligent repair during the policy period. This decision has been roundly rejected by a multitude of courts as aberrant. *See, e.g., Hallmark Ins. Co. v. Superior Court*, 201 Cal.App.3d 1014, 1018–19, 247 Cal.Rptr. 638, 639–40 (1988); *Longden*, 197 Cal. App.3d at 231, 242 Cal.Rptr. at 729; *Highlands Ins. Co. v. Schrillo Co.*, 181 Cal. App.3d 766, 772–76, 226 Cal.Rptr. 717, 720– 22 (1986); *Maples v. Aetna Casualty & Surety Co.*, 83 Cal.App.3d 641, 645–50, 148 Cal.Rptr. 80, 82–85 (1978). In fact, one out-of-state court noted that "every jurisdiction, with the exception of Louisiana, has held that the time an accident 'occurs' is the time when the complaining party is actually injured, not the time when the wrongful act is committed." *Stillwell v. Brock Bros., Inc.*, 736 F.Supp. 201, 205 (S.D.Ind.1990) (expressly rejecting *Sylla*).

Finally, the language of the provision is unambiguous. It demands that *bodily injury* or *property damage* occur within the policy period. Such language leaves no room for the argument that the injury or damage need not occur within the policy period. Therefore, plaintiff has no duty to defend or indemnify based on the Hayward policy.

### B. The Freestone Policy

■ Plaintiff further declares that it has no obligation to defend or indemnify under the Freestone policy because the Hayward residence was not an insured location under the Freestone policy. That policy excludes coverage for "**bodily injury** or **property damage** arising out of any premises owned or rented to any **insured** which is not an **insured location**." (emphasis in original). According to the Thomases, the Freestone policy applies to those injuries arising during the Freestone policy period, after the Thomases vacated their Hayward residence. The Freestone policy, however, insured the Thomases' Freestone residence, not their former Hayward home.

The California Supreme Court's decision in *Preston v. Goldman*, 42 Cal.3d 108, 720 P.2d 476, 227 Cal.Rptr. 817 (1986), leaves no room for defendants' position. The court in *Preston* refused to find coverage under a homeowners policy for injuries arising out of a previously owned residence. The exclusion under the policy in *Preston* was indistinguishable from that contained in the Freestone policy, excluding coverage for "any premises, other than an insured premises, owned, rented or controlled by any Insured." *Id.* at 120, 720 P.2d at 483, 227 Cal.Rptr. at 824. The court concluded that since the alleged negligent acts of the insureds all "arose from" the uninsured, previously owned residence, those acts were not covered under the insureds' later policy. The court's reasoning bears repeating:

> Were this not the case, the premises exclusion would essentially become meaningless as to any property over which the insured may have at any time had control. . . . "Generally speaking, the personal liability provisions of a homeowner's policy bind the insurer to pay damages for which the insured shall become liable *as a result of accidents in and around his home.*"

*Id.* at 120–21, 720 P.2d at 483–84, 227 Cal. Rptr. at 824–25 (emphasis in original) (citation omitted).

Both the Thomases' alleged misconduct and the Chans' resulting injuries "arose from" the Hayward residence. There was absolutely no connection between the Freestone policy and the acts and injuries complained of by the Chans. Defendants nonetheless interpret the exclusion as applying only to uninsured premises that are owned or rented by the insured *during the policy period.* Since they did not own the Hayward residence during the Freestone policy period, they argue that the exclusion does not apply or is at a minimum, ambiguous.

After much reflection, the Court concludes that this argument is unpersuasive. According to the logic of the Thomases' position, the Freestone policy would cover injuries caused by the Thomases arising

out of *any* previously owned residence. No reasonable homeowner or insurer would expect such a result. As the California Supreme Court observed, "As a matter of 'accepted popular, as well as legal definition,' we believe that a renter or homeowner, and his insurer, would not ordinarily intend or reasonably expect coverage" for conduct arising out of a previously owned residence, absent explicit coverage to the contrary. *Id.* at 121, 720 P.2d at 484, 227 Cal.Rptr. at 825 (citation omitted). With respect to the provision's so-called ambiguity, the Court observes that the exclusion is virtually identical to the one held to apply in *Preston.* State Farm owes no duty to defend or indemnify under the Freestone policy.

### C. State Farm's Right to Discontinue its Insureds' Defense

■ The Thomases argue that in its reservation of rights letter, State Farm promised to continue defending them so long as the emotional distress claims remained in the state court action. The emotional distress claims withstood a motion to dismiss in state court; therefore, the insureds assert that by virtue of its "promise," State Farm is estopped from discontinuing its defense. The Court finds, however, that State Farm made no such promise. The letter states:

> If the emotional distress damages are eliminated from plaintiffs' claims, it is this company's position that the only potential basis for coverage has been removed from the complaint. We feel that at that time we will be entitled to withdraw from further defense of the action and we would propose to do so.

This passage indicates merely that *if* the emotional distress damages were eliminated from the state court suit, then State Farm would seek to withdraw its defense. It does not state that if the claims remained, State Farm would necessarily continue the defense.

Any ambiguity as to the extent of State Farm's commitment to defend is resolved by resorting to the express reservation of rights made in that same letter.[2] Such language constitutes a sufficient reservation of rights. *See, e.g., St. Paul Mercury Ins. Co. v. Ralee Eng'g Co.,* 804 F.2d 520, 522 (9th Cir.1986).[3]

### D. State Farm's Right to Recover Attorney's Fees

■ Relying upon the above language in its reservation of rights letter, State Farm seeks a declaration that it is entitled to recover attorney's fees expended in defending the Thomases in the state court action. Plaintiff is not entitled to such relief. Although plaintiff's letter did state that State Farm reserved its right to seek attorney's fees, there was no understanding or agreement between the parties that State Farm would be entitled to such fees. The Thomases never responded to State Farm's declaration that it reserved its right to recover its expenses. In this context, their silence did not constitute acquiescence.

No case holds "as a matter of law that amounts expended by an insurance company in partial defense of an action are always reimbursable in the event that a court should find there was no duty to defend." *Insurance Co. of the West v. Haralambos Beverages Co.,* 195 Cal. App.3d 1308, 1322, 241 Cal.Rptr. 427, 434 (1987). In order for an insurance company to seek reimbursement after agreeing to defend a claim against its insured, the record must reflect "an understanding between the parties." *St. Paul,* 804 F.2d at

---

**2.** The pertinent portion of the letter provided: Notwithstanding that this company has undertaken to, and may in the future, investigate, defend or settle any claims in connection with this case, this company does not by any of its actions intend to waive any basis for denying coverage which may exist under the terms of the policies issued by this company, or pursuant to law. Further, this company specifically reserves its right to seek reimbursement for any expenses or costs incurred for investigation, defense or settlement of this action, including but not limited to court costs, attorneys fees and any sums paid in settlement or in satisfaction of judgment.

**3.** Moreover, the Thomases signed a Non–Waiver of Rights form in which State Farm stated that its defense of their claim did not waive its rights to deny any obligation under the policies.

522; *Haralambos*, 195 Cal.App.3d at 1322–23, 241 Cal.Rptr. at 434. Significantly, the court in *Haralambos* held that even if the insurer could establish the insured's knowledge of its intent to seek reimbursement, the insurer must nonetheless prove "the existence of an agreement or understanding between the parties on this point." *Id.* at 1323, 241 Cal.Rptr. at 434.

State Farm produces no evidence of such an agreement, save for the Thomases' failure to object to State Farm's reservation of its right to reimbursement. Because of the Thomases' silence, it cannot fairly be said that there was an "agreement" or "understanding" between the parties on this subject.

Accordingly,

IT IS HEREBY ORDERED that:

(1) Defendants' motion for a stay is DENIED;

(2) Plaintiff's motion for summary judgment on its claim that it owes no duty to defend or indemnify is GRANTED; and

(3) Plaintiff's motion for a declaration that it is entitled to attorney's fees is DENIED.