993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda DOUGLASS, Plaintiff-Appellant,
v.
CONTINENTAL CASUALTY COMPANY, a corporation; US Fire
Insurance Company, a corporation, Defendants-Appellees.
 No. 91-16564.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1993.
Decided May 13, 1993.
 
 1
 Before: CANBY, BRUNETTI, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Brenda Douglass ("Douglass") appeals from the district court's summary judgment in favor of United States Fire Insurance Company ("U.S. Fire"). Specifically, Douglass contests the district court's determination that the policy was an unambiguous "occurrence" policy which required the plaintiff's injuries to occur during the effective dates of the policy. Douglass was paralyzed in 1986 when a motor home in which she was riding was involved in an accident. The motor home was manufactured in 1974. The policy period for the liability policy in question was from 1972 to 1975. We affirm the district court.
 
 
 4
 An insurance policy, like any other contract, must be construed in its entirety, with each clause lending meaning to the other. Producers Dairy Delivery Co. v. Sentry Ins. Co., 41 Cal.3d 903, 916, 226 Cal.Rptr. 558 (1986) (quoting Holz Rubber Co., Inc. v. American Star Ins. Co., 14 Cal.3d 45, 56, 120 Cal.Rptr. 415, 421 (1975)). The policy in question, read in its entirety, limits the temporal scope of the coverage and creates no ambiguity that needs to be resolved in favor of the insured.
 
 
 5
 The term "occurrence" is adequately explained throughout the policy in Section IV and in the Conditions section under subsection (d) of "other definitions" which states inter alia that an accident happening during a policy period is an occurrence. Although occurrence is not specifically used in subsection I(a), which covers liability for damages because of personal injury, the provision regarding death "at any time" is not a provision that creates separate temporal coverage for personal injury outside of the occurrence provision. Claims for personal injury are clearly limited by Section IV which states that the policy only applies to occurrences happening during the policy period.
 
 
 6
 In determining whether an occurrence happened during the term of an indemnity policy, the general rule is that the time of the occurrence of an accident is not the time the wrongful act was committed, but the time when the complaining party was actually damaged. Remmer v. Glens Falls Indemnity Co., 140 Cal.App.2d 84, 295 P.2d 19 (1956). In other words, to be covered by the policy, the damaged sued for must have occurred during the policy term. Remmer, 140 Cal.App.2d at 90, 295 P.2d at 22.
 
 
 7
 Here, the motor home was manufactured in 1974, but Douglass was not injured until 1986, 11 years after the policy expired. Under the Remmer doctrine, the occurrence of the accident happened in 1986 when Douglass was actually injured and Douglass' claims fall outside of the policy's coverage.
 
 
 8
 Douglass' argument that the undefined term "accident" is ambiguous and must be resolved in the insured's favor is also without merit. Even when a policy fails to define such terms as accident or occurrence, the courts follow the general rule of Remmer. State Farm Fire and Cas. Co. v. Thomas, 756 F.Supp. 440, 443 (N.D.Cal.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3