[Civ. No. 17300.   First Dist., Div. Two.   June 27, 1957.]

NANCY BRIDGES HICKS, Appellant, v. HARRY R. BRIDGES et al., Defendants; FRANCES FOSTER et al., Interveners and Respondents.

Farr, Twohig & Weingarten and Ernest W. Schmidt for Appellant.

Gladstein, Andersen, Leonard & Sibbett and George R. Andersen for Interveners and Respondents.

KAUFMAN, P. J.—This is an appeal by the plaintiff and defendant in intervention, Nancy Bridges Hicks, from a summary judgment in favor of respondents and plaintiffs in intervention, Frances Foster and George R. Andersen. The plaintiff was divorced from Harry R. Bridges on January 20, 1955. She and Harry R. Bridges are the owners as joint tenants in fee simple of certain real property in the city of San Francisco. Plaintiff filed a complaint requesting the partition and sale of this property. Defendant Harry R. Bridges filed an answer alleging a debt of $7,843.36 owed to Frances Foster and George R. Andersen. Frances Foster and George R. Andersen filed a complaint in intervention alleging that Nancy Bridges Hicks and Harry R. Bridges became indebted in the sum of $7,843.36 which was advanced by plaintiffs in intervention as a down payment on the purchase of the property involved, and that this debt was recognized in the property settlement agreement executed by the defendants in intervention on November 12,

1954. Nancy Bridges Hicks denied that she was indebted to the plaintiffs in intervention or that any sum at all was ever advanced or owed. The trial court granted the respondents' motion for summary judgment.

■ Such a motion is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof, the exercise of that discretion will not be disturbed on appeal. Therefore, the issue on appeal is whether the trial court abused its discretion in granting the motion. ■ A motion for a summary judgment raises the issue of whether any triable issues of fact exist. (*Desny* v. *Wilder*, 46 Cal.2d 715 at p. 725 [299 P.2d 257].) ■ Under Code of Civil Procedure, section 437c, the motion must be supported by affidavit of any person or persons having knowledge of the facts. If the affidavit of the other party does not show facts which present a triable issue of fact, the judgment may be entered. ■ The sufficiency of the allegations of a complaint do not determine the motion for a summary judgment. (*Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244].) As said by the court in affirming a summary judgment in *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558 at page 563 [277 P.2d 464] : ". . . it must be determined from the affidavits whether there exists a genuine issue of fact. Often there is no genuine issue of fact, although such issue is raised by the formal pleadings." One question to be determined here, then, is whether the appellant's affidavit establishes a triable issue of fact. ■ An affidavit does not raise such an issue unless it sets forth facts showing that the party has a good and substantial defense or that a good cause of action exists on the merits. (Code Civ. Proc., § 437c.)

We must also determine whether the facts stated in the affidavit in support of the summary judgment, if not properly controverted are sufficient to support the summary judgment entered against appellant. The complaint in intervention alleges that "it was further agreed . . . that the repayment of said loan was to be secured by a lien upon the aforementioned premises." This was an essential allegation to entitle plaintiffs in intervention to have a lien impressed on the property.

■ "It is the general rule that where a transfer of property is made to one person and the purchase price is advanced by another as a loan to the transferee, the lender is not entitled to an equitable lien upon the property in the absence of an agreement between him and the transferee that he is to have such a lien." (*Reid* v. *Gillespie*, 87 Cal.App.2d 769, 771-772

[197 P.2d 566]; *Perry* v. *Ross,* 104 Cal. 15 [37 P. 757, 43 Am.St.Rep. 66]; Rest., Trusts, § 445.)

In the affidavit for summary judgment the affiant nowhere states that appellant agreed that the asserted debt should be a lien upon the property. He does set out in his affidavit a written acknowledgment by defendant Harry Bridges, that it was agreed ''by all of us . . . that it constituted a mortgage on said real property'' and ''that said sum should constitute a lien upon the said property.'' This may support the judgment against Harry Bridges but it is not admissible against appellant since, as pointed out in the counter-affidavit, there is no allegation showing authority in Harry Bridges to bind appellant and the acknowledgment is therefore clearly hearsay as to her. Despite this patent failure of proof the judgment imposes a lien upon the interest of appellant in the property. Since this defense applies to part of the claim of plaintiff in intervention, section 437c Code of Civil Procedure, in its last paragraph clearly prohibits the entry of the summary judgment against appellant.

In view of the foregoing the judgment must be reversed.

Dooling, J., and Draper, J., concurred.