[Civ. No. 44083. Second Dist., Div. Three. Mar. 26, 1975.]

LINCOLN SAVINGS AND LOAN ASSOCIATION,
Plaintiff and Appellant, v.
TITLE INSURANCE AND TRUST COMPANY,
Defendant and Respondent.

COUNSEL

Halstead & Baker, Halstead, Baker & Sterling and Eric Olson for Plaintiff and Appellant.

Helen V. Byard, William F. Hunter, Andrew S. Leerskov, Lawrence B. Parker, Sheppard, Mullin, Richter & Hampton, and Paul M. Reitler for Defendant and Respondent.

OPINION

COBEY, J.—Plaintiff, Lincoln Savings and Loan Association, appeals from a judgment dismissing in May 1973 its action upon four title insurance policies issued to it by defendant, Title Insurance and Trust Company. Summary judgment was granted as to the two policies issued in September 1962; a judgment on the pleadings was granted as to the two policies issued in February 1966.

All four policies were issued on two adjoining lots known as 1517 and 1519 Amalfi Drive in the Pacific Palisades section of Los Angeles. The 1962 policies were issued in the total amount of $56,000 when plaintiff made loans in this aggregate amount upon the security of these lots for their acquisition by one Mattison Coleman. The 1966 policies were issued in the total amount of $62,898.50 after plaintiff acquired title to the lots by trustee deed following foreclosure.

Adjoining strips of land, each approximately 10 feet in width, and each abutting Amalfi Drive, afforded access to the remainder of these lots from Amalfi Drive, the only physically open street in the immediate vicinity of the lots. These strips, though, lay in the Riviera Subdivision and in May 1970 another division of this court held that the proposed use of these strips as a driveway to Amalfi Drive, to serve the remainder of these lots, would violate existing deed restrictions governing the use of all land within the Riviera Subdivision and, therefore, affirmed an injunction against such use. (*Lincoln Sav. & Loan Assn.* v. *Riviera Estates Assn.,* 7 Cal.App.3d 449, 459, 463 [87 Cal.Rptr. 150].)[1] Following this decision,

---

[1]An excellent full-page diagram showing the relationship between the location of the insured lots (there designated Coleman 2 and 3) and Amalfi Drive appears at 7 Cal.App.3d 456.

These deed restrictions were referred to, albeit cryptically, as a specific exception in all

which left the two lots landlocked,[2] plaintiff sold them to adjoining owners in the Riviera Subdivision for a net aggregate price of $2,805.70.

Plaintiff seeks in this action to recover from defendant its loss on these lots together with the costs of its unsuccessful litigation to obtain access to Amalfi Drive for these lots. Plaintiff's action is based, solely and exclusively, upon subparagraph 3(c) of the conditions and stipulations, appearing in identical form in each of the four policies. This exception to an exclusion from coverage reads in relevant part: "This policy does not insure against loss or damage by reason of the following:

"(a). . . . . . . . . . . . . . . . . . . . .

"(b). . . . . . . . . . . . . . . . . . . .

"(c) . . . title to streets, roads, avenues, lanes, ways or waterways on which such land abuts, . . . or any rights or easements therein . . . except that if the land abuts upon one or more physically open streets or highways this policy insures *the ordinary rights of abutting owners for access to one of such streets* or highways, unless otherwise excepted or excluded herein." (Italics added.) Aside from the concluding phrase, beginning with the word "unless" and limiting the exception, the just-quoted language of the exception is clear and unambiguous. It must,

---

four policies and were also included as specific exceptions in both preliminary title reports that plaintiff received before the issuance of the two sets of policies. Furthermore, plaintiff approved in writing their being excepted in the 1962 policies and did not request that defendant then furnish it with a copy of them.

In the 1962 policies the exception with respect to the deed restrictions reads: "5. Covenants, conditions and restrictions in the above mentioned declaration and deed, affecting that portion of said land lying within lot 56 of the Riviera Tract, and in the instrument declaring a modification of them, executed by the Riviera Estates Corporation, recorded January 5, 1955 in book 46559 page 313, Official Records."

In the 1966 policies the corresponding exception reads: "4. Covenants, conditions and restrictions in the above mentioned declaration and deed, and in the instrument declaring a modification of them, executed by the Riviera Estates Corporation, recorded January 5, 1955 in book 46559 page 313, Official Records, and in book 4887 page 208, and as purportedly modified by written agreement, recorded January 27, 1960, a counterpart of which is recorded January 27, 1960 in book M-436, page 672, and as modified by document recorded July 24, 1964 in book M-1581 page 253, Official Records."

[2]Coleman had owned another lot abutting Amalfi Drive, but outside the Riviera Subdivision. He could have used a portion of this lot to provide access from Amalfi Drive to the two lots involved herein, but he sold them while the suit of the Riviera Estates Association to declare and enforce the deed restrictions was pending against him. (See *Lincoln, supra,* 7 Cal.App.3d, pp. 455-457.)

therefore, be taken to mean exactly what it says. (See *Jensen* v. *Traders & General Ins. Co.,* 52 Cal.2d 786, 790-791 [345 P.2d 1].)

Thus the initial and potentially decisive question presented is whether plaintiff's loss on these lots and in its incidental litigation expenses was caused by any substantial impairment or destruction of its ordinary rights as an owner of land abutting Amalfi Drive. The answer to this question depends both on the location and the spatial extent of these ordinary rights of access of an owner of land abutting a physically open public street. If they rest in the abutting street and if they extend only to the boundary common to such property and to the street, the deed restrictions did not affect plaintiff's enjoyment of these rights. They prevented the use on the lots of the adjoining and abutting strips as a driveway from that boundary back to the remainder of the lots. They did not, however, interfere with plaintiff's ordinary rights as an owner of land abutting a public street to cross that boundary when going into or coming from the street. Under the exception at issue defendant insured only plaintiff's ordinary rights as an owner of land abutting a physically open street. It did not insure plaintiff's rights of access to that street otherwise.

The law in California and apparently elsewhere is settled that the ordinary rights of an owner of land abutting a public street consist of an easement in the street itself to the convenient use thereof and in a right of direct and reasonable ingress to and egress from the abutting land to the street. These rights are essentially only to the use of the street. They are not rights to the use of the land abutting the street aside from a right to cross the boundary common to the land and to the street to get from one to the other. Thus, they do not extend onto the abutting land beyond that common boundary.[3] (See *People* v. *Ricciardi,* 23 Cal.2d 390, 397-398, 399 [144 P.2d 799]; *Bacich* v. *Board of Control,* 23 Cal.2d 343, 352 [144 P.2d 818]; *People* v. *Ayon,* 54 Cal.2d 217, 224 [5 Cal.Rptr. 151, 352 P.2d 519]; *People* v. *Russell,* 48 Cal.2d 189, 195 [309 P.2d 10]; *People ex rel. Dept. Pub. Wks.* v. *Silveira,* 236 Cal.App.2d 604, 613 [46 Cal.Rptr. 260]; *Clay* v. *City of Los Angeles,* 21 Cal.App.3d 577, 581 [98 Cal.Rptr. 582]; 3 Miller & Starr, Cal. Real Estate Law (1971) § 753, pp. 110-113; 3 Nichols, Eminent Domain (3d rev. ed. 1974) § 10.221 [5], pp.

---

[3]The nature of these rights in and to the use of the abutting street probably explains why they were included in the policies as an exception to an exclusion covering in substantial part "title to streets" etc.

375-381; 3 Tiffany, Real Property (3d ed. 1939) § 927, pp. 605-614; 2 Casner, American Law of Property (1952) § 9.54, pp. 492-497.)

This being so, these rights were neither substantially impaired nor destroyed by the enforcement of the deed restrictions which extend upon the abutting land only to the common boundary between it and the street, and not beyond. Accordingly, the loss suffered by plaintiff was not covered by any of the policies of defendant upon which plaintiff sued.[4]

Under Code of Civil Procedure, section 437c, as it read in May 1973 and as it reads today, a summary judgment is proper if the action has no merit and there is no triable issue of fact. (See *Hicks* v. *Bridges,* 152 Cal.App.2d 146, 148 [313 P.2d 15].) The question of coverage presented in this case has always been purely a question of law—namely, the location and the spatial extent of the ordinary rights of the owner of land abutting a physically open street. A summary judgment for defendant on this question of law with respect to the 1962 policies was therefore proper.

The judgment on the pleadings as regards the 1966 policies must also be affirmed. As rendered, it may well have rested on an erroneous basis, but since it has been demonstrated that plaintiff cannot state a cause of action for recovery under subparagraph 3(c) of either of its 1966 policies, a judgment on the pleadings with respect to them was under the circumstances legally correct. (See *Franklin* v. *Municipal Court,* 26 Cal.App.3d 884, 900 [103 Cal.Rptr. 354]; *Davey* v. *Southern Pacific Co.,* 116 Cal. 325, 329 [48 P. 117].)

The judgment under appeal is affirmed.

Allport, Acting P. J., and Potter, J., concurred.

---

[4]Thus, we do not reach the issue vigorously contested by the parties—whether the concluding phrase of subparagraph 3(c), beginning with the word "unless," excludes plaintiff's loss from coverage by any of the policies. Since we hold that the exception, entirely apart from the limitation therein embodied in this concluding phrase, does not cover the loss plaintiff suffered, it is unnecessary for us to decide what effect, if any, this limitation upon this exception had with respect to the coverage of plaintiff's loss.