[Civ. No. 59720. Second Dist., Div. Five. Mar. 18, 1982.]

*WOLF MACHINERY COMPANY,
Cross-complainant and Appellant, v.
INSURANCE COMPANY OF NORTH AMERICA,
Cross-complainant and Respondent;
UNIGARD MUTUAL INSURANCE COMPANY, Cross-defendant
and Appellant.

*Reporter's Note: This case was previously entitled "Lopez v. Wolf Machinery Co."

**COUNSEL**

Cotkin, Collins, Kolts & Franscell, Raphael Cotkin, Stephen Lincoln Paine and John M. Raders for Cross-complainant and Appellant and for Cross-defendant and Appellant.

Wise & Nelson and Susan E. Anderson Wise for Cross-complainant and Respondent.

OPINION

HINDIN, J.*—This appeal follows the granting of a motion for summary judgment in favor of respondent Insurance Company of North America (hereinafter INA), and against cross-complainant Wolf Machinery Company (hereinafter Wolf).

The plaintiff in the case was one Petra Lopez, who claimed she was injured while operating a gear drive press at her employer's place of business. She was employed at the time by Calamia Manufacturing Company. Plaintiff sued Wolf, the retailer or distributor of the machine, on the theory of negligence and strict liability.

Wolf was insured by INA under a comprehensive general liability policy. In a second amended cross-complaint, Wolf sought a judicial declaration that INA was obligated to defend Wolf and reimburse Wolf with respect to plaintiff's claim. INA filed its own cross-complaint against Unigard, another insurance company, seeking a judicial declaration that Unigard alone was required to defend Wolf and that INA had no such obligation.

The accident, which was the basis of plaintiff's suit, occurred after the expiration of Wolf's policy. The trial court concluded that since plaintiff's accident occurred after the policy in question had expired, there was no obligation of the cross-defendant INA to defend the action against Wolf.

The INA policy was in effect between May 1, 1967, and May 1, 1968. The accident in which plaintiff Lopez was injured occurred December 20, 1973. Plaintiff Lopez filed her action against Wolf on December 11, 1974. The INA policy, which covered Wolf, provided that it applied only to bodily injury occurrring within the policy period.

The trial court granted INA's motion for summary judgment against both Wolf and Unigard.

Wolf appeals from the judgment, claiming that:

1. *Sylla* v. *United States Fid. & Guar. Co.* (1976) 54 Cal.App.3d 895 [127 Cal.Rptr. 38] requires INA to defend, indemnify and reimburse Wolf against plaintiff's claim.

*Assigned by the Chairperson of the Judicial Council.

2. The declaration of Robert Woodruff, Wolf's president, contains evidence which presents a triable issue of fact.

The sole business of Wolf is to sell machinery. It does not engage in the maintenance or modification of any machinery it sells. Wolf anticipated that its coverage under the INA policy would insure it against claims arising out of its liability by reason of its sale of allegedly defective machinery.

The language of the policy, we think, is clear and unambiguous. Section IV of the policy provides, under the heading "Policy Period: Territory," the following language: "This insurance applies only to bodily injury or property damage which occurs during the policy period within the . . . 'policy territory.'"

Under the heading entitled "Definitions" appears "When used in this policy . . . 'bodily injury' means bodily injury, sickness or disease sustained by any person. . . .

"[O]ccurrence' means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

Appellants rely on *Sylla* v. *United States Fid. & Guar. Co.* (1976) *supra*, 54 Cal.App.3d 895. Respondent INA relies upon *Maples* v. *Aetna Cas. & Surety Co.* (1978) 83 Cal.App.3d 641 [148 Cal.Rptr. 80]. The holdings in the two cases appear to be in conflict with each other.

The courts in *Sylla, supra*, and *Oil Base, Inc.* v. *Continental Cas. Co.* (1969) 271 Cal.App.2d 378 [76 Cal.Rptr. 594] found the term "accident" as used in an insurance policy was ambiguous and decided the case by following the general rule that an ambiguity in a policy will be construed against the party who caused the ambiguity to exist, that is, against the insurance company.

The court in the *Maples* case declined to follow the rule of *Sylla, supra*, and *Oil Base, Inc.* v. *Continental Cas. Co., supra*. In *Maples* the court, relying on a long line of opposite authority,[1] held that the term

[1]Cited in *Maples* are: *Arant* v. *Signal Ins. Co.* (1977) 67 Cal.App.3d 514 [136 Cal.Rptr. 689]; *Tijsseling* v. *General Acc. etc. Assur. Corp.* (1976) 55 Cal.App.3d 623 [127 Cal.Rptr. 681]; *Remmer* v. *Glens Falls Indem. Co.* (1956) 140 Cal.App.2d 84 [295 P.2d 19, 57 A.L.R.2d 1379]; *Protex-A-Kar Co.* v. *Hartford Acc. etc. Co.* (1951) 102 Cal.App.2d 408 [227 P.2d 509], and *Tulare Co. Power Co.* v. *Pacific S. Co.* (1919) 43 Cal.App. 315 [185 P. 399].)

"accident" was not ambiguous and that the date of an "accident" was not the time of the wrongful act, but the time when the insured was actually damaged. In that case, the court found the insured was not covered by insurance for a fire which occurred after the policy was terminated, even though the cause of the fire was a defective boiler installation which occurred during the term of the policy.

In this case, the injury to plaintiff Lopez occurred after the policy period. No accident resulting in bodily injury occurred during the policy period. █ The time of occurrence of an accident for purpose of an indemnity insurance policy is when the person is actually injured. (*Employers Casualty Co.* v. *Northwestern Nat. Ins. Group* (1980) 109 Cal.App.3d 462, 468-470 [167 Cal.Rptr. 296]; *Maples* v. *Aetna Cas. & Surety Co., supra*, 83 Cal.App.3d 641.)

Appellants contend that the case of *Sylla* v. *United States Fid. & Guar. Co., supra*, 54 Cal.App.3d 895 supports its contention, and urge that the doctrine of reasonable expectation of coverage would save their position. █ A reading of the authorities convinces us that the doctrine of reasonable expectation of coverage comes into play only where there is an ambiguity present in the policy. (*Insurance Co. of North America* v. *Sam Harris Constr. Co.* (1978) 22 Cal.3d 409 [149 Cal.Rptr. 292, 583 P.2d 1335]; *Gyler* v. *Mission Ins. Co.* (1973) 10 Cal.3d 216 [110 Cal.Rptr. 139, 514 P.2d 1219].) In this case we find no ambiguity, and accordingly, the reasonable expectation of coverage doctrine is not applicable. There being no ambiguity in the language of the policy presently under consideration, the court should give the unambiguous terms of the policy effect. In *St. Paul Fire & Marine Ins. Co.* v. *Coss* (1978) 80 Cal.App.3d 888, 896 [145 Cal.Rptr. 836], we find the following language: "An insurance policy is a contract, and when the terms are plain and unambiguous, it is the duty of the court to hold the parties to such contract. The courts will not indulge in a forced construction of an insurance policy so as to fasten a liability on the company which it has not assumed."

*Did the Declaration of Woodruff*
*Present a Triable Issue of Fact?*

Robert Woodruff, Wolf's president, filed an affidavit in opposition to INA's motion for summary judgment. Appellants contend this declaration created an issue of fact requiring the court's denial of a motion for

summary judgment. The affidavit alleges that Mr. Woodruff expected INA to provide coverage.

■ Whether a party had a reasonable expectation of coverage was an issue of law, not one of fact. The declaration did not create a triable issue of fact. It was a question of law whether the appellants' expectation was a reasonable one. (*Lincoln Sav. & Loan Assn.* v. *Title Ins. & Trust Co.* (1975) 46 Cal.App.3d 493, 498 [120 Cal.Rptr. 219]; *Fullerton* v. *Houston Fire & Cas. Ins. Co.* (1965) 234 Cal.App.2d 743, 747 [44 Cal.Rptr. 711].)

We are satisfied that the trial court committed no error in granting INA's motion for summary judgment.

The judgment is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.