[No. B033004. Second Dist., Div. Five. Nov. 3, 1988.]

RONALD WATAMURA, Plaintiff and Appellant, v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant
and Respondent.

**COUNSEL**

Mallery, Stern & Howington, Joseph W. Howington and Linda M. Johnson for Plaintiff and Appellant.

Hill, Genson, Even, Crandall & Wade, William R. Lowe and Curtis L. Metzgar for Defendant and Respondent.

**OPINION**

**ASHBY, Acting P. J.**—Plaintiff and appellant Ronald Watamura was insured under a homeowner's insurance policy with defendant and respondent State Farm Fire and Casualty Company. Respondent denied a property loss claim under the policy, and appellant brought this action for a breach of contract and bad faith. ■ We hold the trial court properly granted summary judgment in favor of respondent on the ground that the loss was excluded by clear and unambiguous terms of the policy, and appellant raised no triable issues of material fact. (Code Civ. Proc., § 437c.)

Appellant's "sandrail vehicle" was stolen from appellant's premises. It is undisputed that the sandrail vehicle is a motor-propelled vehicle designed for movement on land, primarily on sand dunes.

The "COVERAGE B—PERSONAL PROPERTY" section of the homeowner's policy expressly provides: "Property Not Covered. We do not cover: . . . (3) any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the insured location and not licensed for use on public highways."

There was no ambiguity in this provision. The sandrail was an engine or motor-propelled vehicle designed for movement on land, and was therefore excluded. It did not fall within the exception for vehicles "used solely for the service of the insured location" such as a tractor-mower.

█  When the terms of an insurance policy are plain and explicit, the court will not indulge in forced or strained construction to impose liability. (*Roug* v. *Ohio Security Ins. Co.* (1986) 182 Cal.App.3d 1030, 1038 [227 Cal.Rptr. 751].)

█  Appellant strains to create an ambiguity by referring to a different portion of the policy which is not relevant. Appellant relies on a provision in the definition section which states "motor vehicle" means "a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle." Appellant argues there is a triable issue of fact as to whether his sandrail vehicle was in dead storage at the time of the theft, and that the above definition of "motor vehicle" renders the exclusion clause of the policy ambiguous.

There is no merit to this contention. The term "motor vehicle" is highlighted in boldface in the definition section and wherever that term also appears later in the policy. The boldfaced term "motor vehicle" is not used in the exclusion clause under which appellant's sandrail vehicle was held not to be covered. Moreover, appellant's sandrail vehicle was not a "motor vehicle" as that term was specially defined, namely "a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration." Since appellant's sandrail vehicle did not come within the definition of "motor vehicle" in the first place, appellant cannot successfully claim that ambiguity was created by the exception to that definition for motor vehicles in dead storage.

Appellant next contends there is a triable issue of fact as to his reasonable expectation of coverage. This contention also lacks merit. █  First, the doctrine of satisfying the insured's reasonable expectation of coverage comes into play only after the court finds a policy exclusion to be ambigu-

ous. That issue is not reached where, as here, the policy terms are unambiguous. (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912 [226 Cal.Rptr. 558, 718 P.2d 920]; *Wolf Machinery Co.* v. *Insurance Co. of North America* (1982) 133 Cal.App.3d 324, 328 [183 Cal.Rptr. 695].)

Second, appellant provided no competent evidence to support his assertion that respondent's agent represented to appellant that the sandrail was covered by the homeowner's insurance policy. There was no declaration or testimony by appellant of any conversation or communication with the agent to that effect. Rather, appellant's assertion is based on a stack of inferences. Appellant actually claimed only that: the person from whom appellant bought the sandrail vehicle, Mr. Pusateri, told appellant that the vehicle was covered; Mr. Pusateri had the same insurance agent as appellant; appellant was informed that the agent had seen photographs of the vehicle; therefore, according to appellant's chain of reasoning, appellant had a reasonable expectation of coverage. Contrary to appellant's assertion, it is evident that appellant's expectation of coverage came from Mr. Pusateri, not from an ambiguity in the policy or a representation by an agent of respondent.

Finally, on a motion for reconsideration in the trial court appellant argued that under the circumstances respondent or respondent's agent had an affirmative duty to point out to appellant that the sandrail vehicle was not covered. The case on which appellant relied, however, was subsequently ordered by the Supreme Court not to be published in the Official Reports. Appellant's contention is not supported by existing law.

There being no ambiguity in the policy and no triable issues of material fact, the trial court properly granted summary judgment.

The judgment is affirmed.

Boren, J., and Kennard, J., concurred.