947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doyle Reid Dixon; Charlene Dixon, Plaintiffs-Appellants,
v.
AETNA CASUALTY & SURETY COMPANY, Defendant-Appellee.
 No. 90-16208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1991.*
Decided Nov. 6, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and VAN SICKLE, District Judge.**
 
 MEMORANDUM***n
 OVERVIEW
 
 2
 The appellants, Doyle Reid Dixon and Charlene Dixon, appeal the decision of the United States District Court for the Eastern District of California, granting summary judgment to appellees, Aetna Casualty and Surety Company. We affirm.
 
 JURISDICTION
 
 3
 This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332.
 
 FACTS AND PROCEEDINGS
 
 4
 The Dixons, the appellants, were officers and shareholders of Reid Dixon Ford, a corporation that operated an automobile dealership in Visalia, California. Aetna Casualty and Surety Company, the appellees, issued a Garage Liability Policy to Reid Dixon Ford for the period from September 7, 1981, to September 7, 1982. In July, 1982, the dealership was closed and its assets were taken over by the Small Business Administration.
 
 
 5
 In March of 1982, the Dixons' son took a vehicle from the dealership lot without the knowledge, or consent, of the Dixons or the dealership corporation. The vehicle taken by the Dixons' son was not listed on the dealership's inventory, because it was the subject of a repossession dispute between the dealership and a bank. On December 24, 1982, while driving the dealership vehicle, the Dixons' son collided with Lydia Johnson, causing serious injury to Mrs. Johnson.
 
 
 6
 The Johnsons sued the Dixons in a California court, under the theory of negligent management of inventory at the time the Dixon son had taken the vehicle. Because of a misunderstanding with their attorney, the Dixons failed to appear at trial, and a judgment was entered against them.
 
 
 7
 The Dixons filed suit against Aetna in California Superior Court, seeking damages for Aetna's failure to defend and indemnify the Dixons in the third party action involving the Johnsons. Aetna removed the case to the United States District Court for the Eastern District of California based on diversity jurisdiction.
 
 
 8
 Aetna moved for dismissal of the case or, alternatively, for summary judgment on the ground that the period covered by the Aetna policy had expired before the injuries involving Mrs. Johnson had occurred. The district court denied the appellees' motion to dismiss and granted the motion for summary judgment because there was no injury which occurred within the Aetna policy period.
 
 
 9
 The Dixons filed notice of appeal with this Court on August 22, 1990.
 
 DISCUSSION
 
 10
 Rule 56(c) of the Federal Rules of Civil Procedure allows for a judgment to be rendered when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On appeal, "[a] grant of summary judgment is reviewed de novo." Guaranty National Ins. Co. v. Gates, 916 F.2d 508, 511 (9th Cir.1990) (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986)). This Court reviews an appeal of a summary judgment de novo
 
 
 11
 ... in the light most favorable to the nonmoving party, to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.
 
 
 12
 Ashton v. Cory, 816 F.2d 816, 818 (9th Cir.1986).
 
 
 13
 In a diversity case, the Court follows the Erie doctrine which states that federal law governs the procedural aspects of a summary judgment, while the law of the forum controls the substantive issues. Caesar Electronics Inc. v. Andrews, 905 F.2d 287, 289 (9th Cir.1990). Our duty is to decide this case as it would be decided by the California Court of Appeal using California law. See Erie v. Tompkins, 304 U.S. 64 (1938); Kennel v. Carson City School Dist., 738 F.Supp. 376, 379 (D.Nev.1990). The California courts have determined that the questions of reasonable expectations of insurance coverage are questions of law, not of fact. Schrillo Co. v. Hartford Accident and Indemnity Co., 181 Cal.App.3d 766, 226 Cal.Rptr. 717 (1986).
 
 
 14
 In this diversity case, there are no disagreements about the facts involved. The Aetna insurance policy was for the period from September 7, 1981, to September 7, 1982. The accident involving the Dixons' son occurred on December 24, 1982. The only question in this case is whether the Dixons are entitled to coverage under the Aetna policy for claims that arose from injuries that occurred after the expiration date of the policy. This is a question of law suitable for summary judgment and governed by California substantive law.
 
 
 15
 The relevant parts of the Garage Liability Policy issued to the Dixons by Aetna state:
 
 PART III--WHERE AND WHEN THIS POLICY COVERS
 
 16
 We cover bodily injury, property damage or losses that occur during the policy period....
 
 PART IV--LIABILITY INSURANCE
 
 17
 A. WE WILL PAY.
 
 
 18
 1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from garage operations.
 
 
 19
 (Excerpts of Record at 40.)
 
 
 20
 On appeal, the appellants assert that the proximate cause of the accident involving Ms. Johnson was the removal of the car from the dealership lot in March, 1982. The appellants argue that since the Dixons' negligent management enabled the son to take the car undiscovered, the negligent management was the "occurrence" which resulted in Mrs. Johnson's injuries. The appellants contend that since the "occurrence" happened in March, 1982, a period still covered by the Aetna policy, Aetna should indemnify the Dixons for the claims brought by Mrs. Johnson.
 
 
 21
 The appellants note that the case most similar to the instant case is Sylla v. United States Fidelity and Guarantee Co., 54 Cal.App.3d. 895, 127 Cal.Rptr. 38 (1976). In Sylla, the appellant was owner of two car dealerships, "Werner Sylla Used Cars," and "Autohaus Sylla." Id. The plaintiff had a Garage Liability Policy similar to the policy in the instant case. Id. at 897. During the period of the policy, the plaintiff sold a 1959 Porsche, which was involved in an automobile accident after the policy had terminated. Id. The owner of the Porsche sued the plaintiff for personal injury claims under the theory of strict liability, and in the alternative, under the theory of making garage repairs in a negligent manner. Id. The plaintiff sued the defendant insurance company to defend him in the personal injury suit. Id.
 
 
 22
 In Sylla, the California Court of Appeal determined that the plaintiff's garage liability policy included protection for the owner of the dealership against liability arising from accidents that occurred after the policy period. Id. at 899. The court found that:
 
 
 23
 The purchaser of such coverage seeks protection against future liability resulting from his own negligence with respect to the sale and/or repair of the vehicle and is not otherwise concerned with the operation of the vehicle by another over whom he has no control. Thus in the case of the garage owner the fundamental hazard is not a vehicular collision itself but rather the garage owner's negligence in respect to the vehicle while it is in his possession. Thus defining "occurrence" as an "accident" in such a policy is of little assistance to anyone concerned with the nature and extent of the coverage afforded by the policy.
 
 
 24
 Id. The appellants urge this Court to adopt the Sylla philosophy in the instant case and to find that the Aetna policy's use of "occur" and "accident" are ambiguous and should be construed in the appellants' favor.
 
 
 25
 Even if the Sylla rationale is applied to this case, there are important differences between the Sylla case and the case at bar. As the Sylla court noted, the purchaser of a garage liability policy "seeks protection against future liability resulting from his own negligence with respect to the sale and/or repair of the vehicle and is not otherwise concerned with the operation of the vehicle by another over whom he has no control." Id.
 
 
 26
 In Sylla, a proximate cause of the personal injuries was the negligent repair made on the Porsche while it was still at the dealership, which was during the period covered by the insurance policy. Id. Negligent car repairs result in the types of liabilities that typically are expected to be covered by a Garage Liability Policy. In the instant case, the appellants' alleged negligent acts of failing to record the car on an inventory list and failing to observe that the unlisted car was missing from the dealership lot are not typical of the types of negligence covered or expected to be covered by the purchaser of a Garage Liability Policy.
 
 
 27
 We decline to accept Appellants' invitation to adopt the Sylla rationale in this case. Instead, we follow a different and well reasoned line of authority from California courts which indicate that policy terms referring to "accident" and "occur" are not ambiguous, but are clearly identifiable as the time when the complaining party is actually injured. Hallmark Ins. Co. v. Superior Court 201 Cal.App.3d 1014, 247 Cal.Rptr. 638 (1988); State Farm Mutual Auto. Ins. Co. v. Longden, 197 Cal.App.3d 226, 242 Cal.Rptr. 726 (1987); Wolf Machinery Co., v. Ins. Co. of North America, 133 Cal.App.3d 324, 183 Cal.Rptr. 695 (1982); Maples v. Aetna Casualty & Surety Co., 83 Cal.App.3d. 641, 148 Cal.Rptr. 80 (1978). We note that Sylla varies from this line of cases and generally has not been followed in California.
 
 
 28
 We find that the Aetna Garage Policy issued to the appellants is not ambiguous. The injuries to Ms. Johnson occurred after the expiration date of the policy. Under the unambiguous terms of the Aetna Policy, there is no coverage for injuries that occur after the policy expired.
 
 
 29
 The District Court's decision granting summary judgment to Aetna Casualty and Surety Company is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3