[No. A055604. First Dist., Div. One. Dec. 15, 1992.]

JOHN-PATRICK KIRBY et al., Plaintiffs and Appellants, v.
ALBERT D. SEENO CONSTRUCTION COMPANY, Defendant and
Respondent.

## Counsel

Lossing & Elston, Charles F. Sullivan and Susan A. Watson for Plaintiffs and Appellants.

Archer, McComas & Lageson, William J. Feeney and Ernest B. Lageson for Defendant and Respondent.

## Opinion

**DOSSEE, J.**—John-Patrick Kirby and his wife, Susan R. Kirby, appeal from a summary judgment entered against them in their action against Albert D. Seeno Construction Company (hereafter Seeno). We conclude that the superior court construed the allegations of the complaint too narrowly and reverse.

### Procedural and Factual Background

Appellants purchased a home from Seeno in April of 1982. Paragraph six of the unverified complaint against Seeno, filed December 21, 1987, alleged: "On or about May 15, 1982, and continuing, plaintiffs discovered damage to the residence, including but not limited to foundation movement, settlement, cracking, separation in exterior concrete flatwork, distortion, weakening to the residence as well as damage to the garage slab and driveway . . . ." The complaint alleged that Seeno's agents falsely represented that the residence was constructed on a "cut lot" with no more than 2 feet of fill. In fact, the residence was on 8 to 16 feet of improperly compacted fill, which eventually caused major foundation movement.

On June 27, 1991, Seeno filed a motion for summary judgment based on the statute of limitations. The only support for the motion was the language of the complaint specifying "on or about May 15, 1982, and continuing" as the date damage was discovered.

Appellants' opposition to the motion was supported by portions of their deposition transcripts which indicated that although cracks were seen in 1982, no serious damage to the residence was suspected until 1985. In addition, counsel filed a declaration requesting additional time to respond to the motion because appellants were out of the area until after the date opposition was due for the summary judgment motion. No continuance was given, and a decision granting the motion was filed on August 5, 1991. The decision referenced paragraph six of the complaint and stated that the statute

of limitations provided in Code of Civil Procedure section 338, subdivisions (b) and (d) had expired and that there was no triable issue of estoppel.[1]

On August 14, 1991, appellants submitted their declarations in connection with a motion for reconsideration. In addition, they requested leave to amend to allege the reasons for their failure to suspect serious damage to the residence prior to August of 1985. No ruling on this motion appears in the record on appeal, but summary judgment was entered on October 22, 1991. Appellants filed a timely notice of appeal.

## DISCUSSION

*Summary Judgment Principles*

■ The task of a reviewing court in assessing a summary judgment is to identify the issues raised by the pleadings, decide whether the moving party has negated all claims, and determine whether the opposition to the motion has raised a triable issue of material fact. (*Magnolia Square Homeowners Assn. v. Safeco Ins. Co.* (1990) 221 Cal.App.3d 1049, 1056 [271 Cal.Rptr. 1].) " 'Since a summary judgment motion raises only questions of law regarding the construction and effect of the supporting and opposing papers, we independently review them on appeal . . . .' " (*Ibid.*)[2]

The first step is to determine whether the supporting declarations establish every element necessary to sustain a judgment in favor of the moving party. (*Jack v. Wood* (1968) 258 Cal.App.2d 639, 646-647 [65 Cal.Rptr. 856].) It is not sufficient if the defendant shows only that the action "may be, but is not necessarily, barred." (*Moseley v. Abrams* (1985) 170 Cal.App.3d 355, 360 [216 Cal.Rptr. 40] [error to sustain demurrer and dismiss action where complaint alleged discovery on or about a certain date].)

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure. Section 338, subdivision (b) provides a three-year statute of limitations for actions for trespass or injury to real property. Subdivision (d) provides a three-year period for actions grounded on fraud. It provides that the cause of action does not accrue until "discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Appellants' complaint contained causes of action for negligence, misrepresentation, fraud, and breach of implied and express warranties.

[2]Respondent cites *Hicks v. Bridges* (1957) 152 Cal.App.2d 146 [313 P.2d 15], in support of its contention that we may only review a summary judgment for an abuse of discretion. Although the *Hicks* court made that statement, it also recited the correct rules for ruling on a summary judgment motion and reversed the judgment in that case because the affidavits were insufficient. Subsequent cases have criticized *Hicks* for this reason. (*Barisich v. Lewis* (1990) 226 Cal.App.3d 12, 15, fn. 1 [275 Cal.Rptr. 33]; *Krieger v. Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 212, fn. 3 [285 Cal.Rptr. 717].) We agree with *Krieger* and *Barisich* and decline to follow the dicta in *Hicks* regarding the standard of review of summary judgments.

*Statute of Limitations*

The parties agree that the matter is governed by the three-year statute of limitations in section 338, subdivisions (b) and (d).[3] ■ "The orthodox rule in tort actions is that the applicable limitation period will run from accrual of the action 'upon the occurrence of the last element essential to the cause of action.' [Citation.] ■ In the case of injury to real property, the orthodox rule would dictate that 'if the defendant's act causes *immediate* and *permanent* injury' to the property the statute would run from the date of the act. [Citation.]" (*CAMSI IV* v. *Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1534 [282 Cal.Rptr. 80].) The harm must be actual and appreciable harm to the property. (*Ibid.*) In the instant case, the harm to the property was allegedly caused by negligent construction of the foundation and inadequate compacting of the soil on which the residence was built. These harmful acts occurred at the time of construction of the home in 1982.

If the orthodox rule were applied to latent defects in real property, purchasers could lose a cause of action before becoming aware of the injury. (*Leaf* v. *City of San Mateo* (1980) 104 Cal.App.3d 398, 406 [163 Cal.Rptr. 711].) Consequently, the applicable rule in such cases provides for delayed accrual of the cause of action until: " 'plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence . . . .' " (*Id.*, at p. 407, italics omitted.)

*Conclusive Admissions in Complaint*

■ At the heart of Seeno's summary judgment motion is its contention that the complaint contains a conclusive concession that significant structural damage was discovered on or about May 15, 1982. This argument underlies Seeno's theory that even under the delayed discovery rule of *April Enterprises, Inc.* v. *KTTV* (1983) 147 Cal.App.3d 805 [195 Cal.Rptr. 421], appellants admitted discovery of sufficient facts to impose a duty of inquiry in 1982. Appellants claim that they have sufficiently alleged a general period of time during which they discovered accumulating evidence of damage to the residence. Although we don't agree with appellants that the complaint has sufficiently alleged delayed discovery, neither do we accept Seeno's contention that there was a binding admission of discovery of significant structural damage in 1982.

---

[3]We note that a four-year limitation period is apparently applicable to breach of warranty causes of action based on a written contract. (*Anderson* v. *Brouwer* (1979) 99 Cal.App.3d 176, 179-181 [160 Cal.Rptr. 65]; § 337.) The parties have not raised this issue; therefore, we do not address it.

The cases cited in support of Seeno's claim that appellants have irrevocably admitted a key fact are not dispositive. ▮▮▮▮ For example, in *Electronic Equipment Express, Inc.* v. *Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 849-851 [176 Cal.Rptr. 239], the court discussed the doctrine of conclusiveness of admissions in pleadings, but found it inapplicable to the facts of that case.[4] Plaintiffs in *Electronic Equipment* alleged as follows: " 'On or about August 11, 1973 [plaintiff] discovered that the financial statements and reports prepared by defendants since July 1972 presented a false picture and did not reflect the true financial condition of EEE and that the business had not, in fact, been as successful . . . as reflected in the financial statements.' " (*Id.*, at pp. 849-850.) The court noted that this statement did not establish discovery of defendant's negligence or that a reasonable person with notice of the alleged facts would have known of the negligence. (*Id.*, at p. 851.) ▮▮▮ Similarly in the instant case, appellants' complaint alleges a "continuing" period of discovery of a number of defects in the property. It does not establish the date of discovery of each defect, or when appellants had, or should have had, knowledge of sufficient facts to trigger a duty of diligent inquiry.

In *Leasman* v. *Beech Aircraft Corp.* (1975) 48 Cal.App.3d 376 [121 Cal.Rptr. 768], also cited by Seeno, the complaint alleged physical injury, but plaintiff's deposition and answers to interrogatories admitted that she suffered no physical injury. The court held that these admissions, made under oath, were sufficient to support an adverse summary judgment. However, this court previously has rejected a broad reading of the language regarding the sanctity of admissions used by the court in *Leasman.* ▮▮▮ In *Price* v. *Wells Fargo Bank* (1989) 213 Cal.App.3d 465 [261 Cal.Rptr. 735], we explained that a "summary judgment should not be based on tacit admissions or fragmentary and equivocal concessions, which are contradicted by other credible evidence." (*Id.*, at p. 482.) We approved of reliance on admissions made in the course of discovery when they are uncontradicted or contradicted only by self-serving declarations of a party. (*Ibid.*)

▮▮▮ Seeno asks us to give conclusive effect to an ambiguous statement in an unverified complaint and to ignore the explanation of the statement contained in deposition testimony taken under oath. This is precisely what we refused to do in *Price.* ▮▮▮ When the facts submitted in opposition to

---

[4]A judicial admission (by affirmative allegation in a pleading) is a conclusive concession of the truth of the matter admitted. (1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 644, p. 630.) One example of such an admission given in *Electronic Equipment Express, Inc.* v. *Donald H. Seiler & Co., supra,* 122 Cal.App.3d 834, 850, was an action for medical malpractice where the plaintiff expressly pleaded that by September of 1965, she accepted the fact she was sterile and that it was caused by defendant's treatment.

a summary judgment motion indicate the existence of a material factual issue, summary judgment should not be entered based on mistaken legal conclusions in the complaint. (*Bahan* v. *Kurland* (1979) 98 Cal.App.3d 808, 812 [159 Cal.Rptr. 661].) Summary judgment is also inappropriate where the opposing party submits evidence indicating that a mistake was made. (*Mason* v. *Marriage & Family Center* (1991) 228 Cal.App.3d 537, 545-546 [279 Cal.Rptr. 51] [mistaken answer to interrogatory does not support summary judgment].)[5]

■ Because Seeno's summary judgment motion was based solely on the ambiguous allegation of the complaint, it merely showed that the action may have been, but was not certainly, barred. It was, therefore, error to grant summary judgment.

*Failure to Allow Amendment of Complaint*

In their motion for reconsideration, appellants requested leave to amend the complaint to allege that they failed to investigate the condition of the property because Seeno's representatives had assured them that the house was not built on fill and that the apparent cracks were caused by normal settlement. Appellants indicated that they did not suspect that the house was built on fill or that the problems with the house were attributable to Seeno's faulty construction and improper soil compaction until 1985, when a neighbor learned that his house was built on fill. Appellants characterized these facts as an estoppel theory, but the same facts are relevant to the delayed discovery issue.

Seeno's motion, unsupported by declarations or other evidentiary material, functioned more like a challenge to the sufficiency of the pleadings. ■ "A motion for summary judgment may effectively operate as a motion for judgment on the pleadings." (*Hejmadi* v. *AMFAC, Inc.* (1988) 202 Cal.App.3d 525, 535 [249 Cal.Rptr. 5].) Where the complaint is challenged and the facts indicate that a plaintiff has a good cause of action which is imperfectly pleaded, the trial court should give the plaintiff an opportunity to amend. (*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 382-383 [282 Cal.Rptr. 508] [court may treat summary judgment as judgment on pleadings where pleading is intelligible but defectively stated];

---

[5]At oral argument of the summary judgment motion, cocounsel for appellants told the court that insurance counsel drafted the complaint and that he did not know the source of the facts used in the complaint. This indicates a possible drafting error in the complaint. Counsel from the law firm that drafted the complaint admitted it was "inartful."

*Beverage* v. *Canton Placer Mining Co.* (1955) 43 Cal.2d 769, 778 [278 P.2d 694].)[6]

■ " ' "[T]he showing of excuse for late filing must be made in the complaint. . . . The complaint must set forth *specifically* (1) the facts of the time and manner of discovery; and (2) the circumstances which excuse the failure to have made an earlier discovery." [Citation.]' " (*Anderson* v. *Brouwer, supra,* 99 Cal.App.3d 176, 181-182, italics added; *Mangini* v. *Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1150 [281 Cal.Rptr. 827]; *Bradler* v. *Craig* (1969) 274 Cal.App.2d 466, 471 [79 Cal.Rptr. 401] [excuse for late filing must be made in complaint].) Appellants have admitted their intention to rely on the delayed discovery rule. In light of the above authorities, there can be no dispute that a mere allegation that discovery of the harm was "continuing" is insufficient to satisfy the pleading requirements for a claim of delayed discovery.

■ Seeno argues that appellants improperly sought to contradict the allegations of the complaint and waived their right to amend. We disagree. There was no contradiction of the broad allegations of the complaint. The complaint merely alleged in general terms that "[o]n or about" a date "and continuing" thereafter, appellants discovered elements of the damage to their residence. There was no express admission, for statute of limitations purposes, of a date of discovery, whether actual or presumed, of the injury and its negligent cause. (*April Enterprises, Inc.* v. *KTTV, supra,* 147 Cal.App.3d 805, 826-827.) Thus, the material appellants sought to add by way of amendment explained, rather than contradicted, the allegations of the complaint.

We find the cases cited in support of Seeno's waiver argument distinguishable and of no assistance to our analysis here. In *Krupp* v. *Mullen* (1953) 120 Cal.App.2d 53, 56-57 [260 P.2d 629], the moving party based a summary judgment motion on an unpleaded theory without requesting leave to amend. Appellants herein did seek leave to amend when Seeno's motion indicated the need for clarification. In *580 Folsom Associates* v. *Prometheus Development Co.* (1990) 223 Cal.App.3d 1 [272 Cal.Rptr. 227] and *AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061 [225 Cal.Rptr. 203], the moving party met the burden imposed by the summary judgment statute, but the opposing party attempted to inject a new and unpleaded theory in response. In the instant case, however, the summary judgment motion was not sufficient, in that it did not negate appellants' claims but merely cast doubt on the sufficiency of the complaint.

---

[6]We note that the record contains no indication that Seeno called attention to the purported defects in the complaint at an earlier stage in the proceedings. (*Beverage* v. *Canton Placer Mining Co., supra,* 43 Cal.2d 769, 778.)

When considering challenges to the sufficiency of a pleading, the rule is that if it is reasonably possible that a defect in a complaint can be cured by an amendment, the trial court abuses its discretion by dismissing the action. (*Mangini* v. *Aerojet-General Corp.*, *supra*, 230 Cal.App.3d 1125, 1131.) In an appeal from a dismissal based on the sustaining of a demurrer without leave to amend, the availability of an amendment to cure the defect is an issue on appeal regardless of whether the plaintiff moved to amend. (*Id.*, at p. 1151; § 472c.) Of course, the burden of showing the ability to amend is on the plaintiff. (*Ibid.*)

In the instant case, appellants submitted sufficient documentation in the form of deposition statements and the supplementary declarations to indicate a distinct probability that the complaint could be amended to allege both the facts indicating a 1985 discovery of the harm and the circumstances excusing earlier discovery. In addition, they did request leave to amend prior to entry of judgment, in their motion for reconsideration.[7]

Opposition to Seeno's motion included the 1989 deposition transcript of Susan Kirby in which she stated that she did not notice problems such as sticking doors, bulges in the walls, and cracks until 1985 and that during the previous three years, she was satisfied with the house.

John-Patrick Kirby's deposition was also attached to the opposition. Mr. Kirby testified that when he pointed out cracks in the stucco during preliminary inspection, he was told they were normal settling cracks that would be more obvious if patched. Although he wanted Seeno to replace a cracked driveway, Seeno refused to do more than patch the crack. Mr. Kirby's declaration stated that he did not realize that the cracks in the exterior of the house were anything other than normal settling until he talked with his neighbor in August of 1985. At that time he learned for the first time that the

---

[7]Seeno cites dicta in *580 Folsom Associates* v. *Prometheus Development Co.*, *supra*, 223 Cal.App.3d 1, 18, indicating that a motion to amend must be made before the hearing on a summary judgment motion. Although the court in *580 Folsom Associates* did make such a statement, the cases cited in support thereof do not announce such a rule. For example, *AARTS Productions, Inc.* v. *Crocker National Bank*, *supra*, 179 Cal.App.3d 1061, 1065, merely states that a summary judgment motion cannot be opposed by facts raising issues outside the scope of the pleadings. *Dorado* v. *Knudsen Corp.* (1980) 103 Cal.App.3d 605 [163 Cal.Rptr. 477], stated that " ' "If either party finds, on the hearing of [a summary judgment] motion, that his pleading is not adequate, . . . the court may and should permit him to amend; but in the absence of some request for amendment there is no occasion to inquire about possible issues not raised by the pleadings." ' " (*Id.*, at p. 611.) In the instant case, appellants' requested amendment sought to clarify an issue already raised by the pleadings. They requested leave to amend prior to entry of the judgment. Even if such a request is necessary when the summary judgment motion attacks only the sufficiency of the pleading, we find appellants' request to be sufficient.

neighbor's house was constructed on 10 to 12 feet of fill. Kirby reported this to his insurance carrier on March 31, 1986, and the carrier sent engineers to inspect the property.

Although this issue will be a question of fact, the facts alleged in opposition to Seeno's motion would put the earliest date of discovery in April of 1985. The complaint was filed in December of 1987; thus, appellants are well within the three-year statute. The foregoing evidence establishes a reasonable probability that appellants can amend their complaint to state the necessary facts in support of the delayed discovery rule.

In light of this conclusion, it was an abuse of discretion to dismiss the action without giving appellants an opportunity to amend. (*Anderson* v. *Brouwer, supra,* 99 Cal.App.3d 176, 182; *Abari* v. *State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530, 535 [252 Cal.Rptr. 565] [reversal after demurrer sustained]; *Beverage* v. *Canton Placer Mining Co., supra,* 43 Cal.2d 769, 778 [summary judgment reversed and plaintiff allowed to amend despite lack of formal request]; *Mangini* v. *Aerojet-General Corp., supra,* 230 Cal.App.3d 1125, 1151 [reversal with leave to amend after demurrer sustained].)

## CONCLUSION

The summary judgment is reversed with directions to allow appellants to amend their complaint. Costs to appellants.

Newsom, Acting P. J., and Stein, J., concurred.